## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TQ DELTA LLC,<br><br>               Plaintiff,<br><br>   v.<br><br>ZYXEL COMMUNICATIONS, INC. and<br>ZYXEL COMMUNICATIONS<br>CORPORATION,<br><br>               Defendants. | C.A. No. 1:13-cv-02013-RGA<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT ZYXEL COMMUNICATIONS, INC.'S ANSWER,
AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO
PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendant ZyXEL Communications, Inc. ("ZyXEL") responds to Plaintiff TQ Delta

LLC's ("Plaintiff" or "TQ Delta") Complaint as follows:

## THE PARTIES

1.      ZyXEL is without knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 1 of the Complaint and therefore denies them.

2.      ZyXEL admits that ZyXEL Communications Corporation is a Taiwanese

corporation and has a place of business at No. 6, Innovation Rd., II Science Park, Hsinchu, 300,

Taiwan.

3.      ZyXEL admits that it is a corporation organized and existing under the laws of the

State of California and has a place of business at 1130 North Miller Street, Anaheim, California

92806.

## JURISDICTION AND VENUE

4.      ZyXEL admits that the Complaint purports to state a claim for patent

infringement under the Patent Laws of the United States and Title 35 of the United States Code.

ZyXEL, however, denies that it has committed any acts of patent infringement.  ZyXEL also

denies that Plaintiff is entitled to injunctive relief or damages as pleaded.

5.      ZyXEL admits that this Court has jurisdiction to hear this case under 28 U.S.C.

1331 and 1338(a).

6.      ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 6 of the

Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations set forth in Paragraph 6 of the Complaint pertaining to other

defendant and, therefore, denies them.

7.      ZyXEL denies that Venue is proper in this district.  ZyXEL further denies all the

allegations set forth in Paragraph 7 of the Complaint.

## BACKGROUND

8.      ZyXEL is without knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 8 of the Complaint and therefore denies them.

9.      ZyXEL is without knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 9 of the Complaint and therefore denies them.

10.      ZyXEL is without knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 10 of the Complaint and therefore denies them.

11.      ZyXEL admits that it sells certain products that may operate in accordance with

various DSL-related standards.  ZyXEL denies the remaining allegations pertaining to ZyXEL

set forth in Paragraph 11 of the Complaint.  ZyXEL is without knowledge or information

sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint pertaining to other defendant and, therefore, denies them.

12.     ZyXEL admits that there were communications between it and Plaintiff but denied Plaintiff ever attempted to negotiate a license with ZyXEL.  Plaintiff, prior to filing suit, never provided ZyXEL with any financial term of any such license.  Plaintiff instead demanded that an NDA and standstill agreement be entered into.

13.     Admitted.

14.     Admitted.

15.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 15 of the Complaint.

16.     ZyXEL admits there were certain communications with Plaintiff regarding the NDA and standstill agreement but denies the remaining allegations pertaining to ZyXEL set forth in Paragraph 16 of the Complaint.

17.     ZyXEL admits there were certain communications with Plaintiff regarding the NDA and standstill agreement but denies the allegations pertaining to ZyXEL set forth in Paragraph 17 of the Complaint.

18.     ZyXEL denies Plaintiff attempted to negotiate in good faith before filing suit at least because it never put forth any financial terms.  Instead, all negotiations between ZyXEL and Plaintiff were directed to Plaintiff's NDA and standstill agreement.

19.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 19 of the Complaint.  Plaintiff simply refused to provide any detail about Plaintiff's licensing scheme unless and until ZyXEL enters into the NDA and standstill agreement with Plaintiff.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 8,090,008

20.     ZyXEL's responses to Paragraphs 1-19 are incorporated by reference.

21.     ZyXEL admits, upon information and belief, that U.S. Patent No. 8,090,008 ("the '008 patent") issued on January 3, 2012, and is titled "System and Method for Scrambling the Phase of the Carriers in a Multicarrier Communications System."  ZyXEL admits that Exhibit 1 attached to the Complaint appears to be a copy of the '008 patent.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 21 of the Complaint and therefore denies them.

22.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 22 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 22 of the Complaint and, therefore, denies them.

23.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 23 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 23 of the Complaint and, therefore, denies them.

24.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 24 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 24 of the Complaint and, therefore, denies them.

25.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 25 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 25 of the Complaint and, therefore, denies them.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 8,073,041

26.     ZyXEL's responses to Paragraphs 1-25 are incorporated by reference.

27.     ZyXEL admits, upon information and belief, that U.S. Patent No. 8,073,041 ("the

'041 patent") issued on December 6, 2011, and is titled "System and Method for Descrambling the Phase of the Carriers in a Multicarrier Communications System." ZyXEL admits that Exhibit 2 attached to the Complaint appears to be a copy of the '041 patent. ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 27 of the Complaint and therefore denies them.

28.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 28 of the Complaint. ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 28 of the Complaint and, therefore, denies them.

29.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 29 of the Complaint. ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 29 of the Complaint and, therefore, denies them.

30.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 30 of the Complaint. ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 30 of the Complaint and, therefore, denies them.

31.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 31 of the Complaint. ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 31 of the Complaint and, therefore, denies them.

## COUNT III – INFRINGEMENT OF U.S. PATENT NO. 7,292,627

32.     ZyXEL's responses to Paragraphs 1-31 are incorporated by reference.

33.     ZyXEL admits, upon information and belief, that U.S. Patent No. 7,292,627 ("the '627 patent") issued on November 6, 2007, and is titled "System and Method for Scrambling the Phase of the Carriers in a Multicarrier Communications System." ZyXEL admits that Exhibit 3 attached to the Complaint appears to be a copy of the '627 patent. ZyXEL is without knowledge

or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 33 of the Complaint and therefore denies them.

34.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 34 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 34 of the Complaint and, therefore, denies them.

35.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 35 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 35 of the Complaint and, therefore, denies them.

36.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 36 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 36 of the Complaint and, therefore, denies them.

37.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 37 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 37 of the Complaint and, therefore, denies them.

## COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 7,471,721

38.     ZyXEL's responses to Paragraphs 1-37 are incorporated by reference.

39.     ZyXEL admits, upon information and belief, that U.S. Patent No. 7,471,721 ("the '721 patent") issued on December 30, 2008, and is titled "System and Method for Scrambling the Phase of the Carriers in a Multicarrier Communications System."  ZyXEL admits that Exhibit 4 attached to the Complaint appears to be a copy of the '721 patent.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 39 of the Complaint and therefore denies them.

40.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 40 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 40 of the Complaint and, therefore, denies them.

41.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 41 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 41 of the Complaint and, therefore, denies them.

42.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 42 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 42 of the Complaint and, therefore, denies them.

43.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 43 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 43 of the Complaint and, therefore, denies them.

## COUNT V – INFRINGEMENT OF U.S. PATENT NO. 8,218,610

44.     ZyXEL's responses to Paragraphs 1-43 are incorporated by reference.

45.     ZyXEL admits, upon information and belief, that U.S. Patent No. 8,218,610 ("the '610 patent") issued on July 10, 2012, and is titled "System and Method for Descrambling the Phase of Carriers in a Multicarrier Communications System."  ZyXEL admits that Exhibit 5 attached to the Complaint appears to be a copy of the '610 patent.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 45 of the Complaint and therefore denies them.

46.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 46 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 46 of the Complaint and, therefore, denies them.

47.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 47 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 47 of the Complaint and, therefore, denies them.

48.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 48 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 48 of the Complaint and, therefore, denies them.

49.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 49 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 49 of the Complaint and, therefore, denies them.

<u>**COUNT VI – INFRINGEMENT OF U.S. PATENT NO. 8,355,427**</u>

50.     ZyXEL's responses to Paragraphs 1-49 are incorporated by reference.

51.     ZyXEL admits, upon information and belief, that U.S. Patent No. 8,355,427 ("the '427 patent") issued on January 15, 2013, and is titled "System and Method for Descrambling the Phase of Carriers in a Multicarrier Communications System."  ZyXEL admits that Exhibit 6 attached to the Complaint appears to be a copy of the '427 patent.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 51 of the Complaint and therefore denies them.

52.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 52 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 52 of the Complaint and, therefore, denies them.

53.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 53 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 53 of the Complaint and, therefore, denies them.

54.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 54 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 54 of the Complaint and, therefore, denies them.

55.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 55 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 55 of the Complaint and, therefore, denies them.

## COUNT VII – INFRINGEMENT OF U.S. PATENT NO. 7,453,881

56.     ZyXEL's responses to Paragraphs 1-55 are incorporated by reference.

57.     ZyXEL admits, upon information and belief, that U.S. Patent No. 7,453,881 ("the '881 patent") issued on November 18, 2008, and is titled "Systems and Methods for Multi-pair ATM Over DSL."  ZyXEL admits that Exhibit 7 attached to the Complaint appears to be a copy of the '881 patent.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 57 of the Complaint and therefore denies them.

58.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 58 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 58 of the Complaint and, therefore, denies them.

59.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 59 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 59 of the Complaint and, therefore, denies them.

60.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 60 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 60 of the Complaint and, therefore, denies them.

61.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 61 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 61 of the Complaint and, therefore, denies them.

## COUNT VIII – INFRINGEMENT OF U.S. PATENT NO. 7,809,028

62.     ZyXEL's responses to Paragraphs 1-61 are incorporated by reference.

63.     ZyXEL admits, upon information and belief, that U.S. Patent No. 7,809,028 ("the '028 patent") issued on October 5, 2010, and is titled "Systems and Methods for Multi-pair ATM Over DSL."  ZyXEL admits that Exhibit 8 attached to the Complaint appears to be a copy of the '028 patent.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 63 of the Complaint and therefore denies them.

64.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 64 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 64 of the Complaint and, therefore, denies them.

65.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 65 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 65 of the Complaint and, therefore, denies them.

66.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 66 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 66 of the Complaint and, therefore, denies them.

67.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 67 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 67 of the Complaint and, therefore, denies them.

## COUNT IX – INFRINGEMENT OF U.S. PATENT NO. 7,978,706

68.     ZyXEL's responses to Paragraphs 1-67 are incorporated by reference.

69.     ZyXEL admits, upon information and belief, that U.S. Patent No. 7,978,706 ("the '706 patent") issued on July 12, 2011, and is titled "Combining Multiple DSL Transceivers for a High Data Rate Connection."  ZyXEL admits that Exhibit 9 attached to the Complaint appears to be a copy of the '706 patent.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 69 of the Complaint and therefore denies them.

70.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 70 of the Complaint.  ZyXEL is without knowledge or in  formation sufficient to form a belief as to the truth of the remaining allegations of Paragraph 70 of the Complaint and, therefore, denies them.

71.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 71 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 71 of the Complaint and, therefore, denies them.

72.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 72 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 72 of the Complaint and, therefore, denies them.

73.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 73 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 73 of the Complaint and, therefore, denies them.

## COUNT X – INFRINGEMENT OF U.S. PATENT NO. 8,422,511

74.     ZyXEL's responses to Paragraphs 1-73 are incorporated by reference.

75.     ZyXEL admits, upon information and belief, that U.S. Patent No. 8,422,511 ("the '511 patent") issued on April 16, 2013, and is titled "Systems and Methods for Multi-pair ATM Over DSL."  ZyXEL admits that Exhibit 10 attached to the Complaint appears to be a copy of the '511 patent.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 75 of the Complaint and therefore denies them.

76.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 76 of the Complaint.  ZyXEL is without knowledge or in  formation sufficient to form a belief as to the truth of the remaining allegations of Paragraph 76 of the Complaint and, therefore, denies them.

77.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 77 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 77 of the Complaint and, therefore, denies them.

78.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 78 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 78 of the Complaint and, therefore, denies them.

79.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 79 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 79 of the Complaint and, therefore, denies them.

## COUNT XI – INFRINGEMENT OF U.S. PATENT NO. 7,796,705

80.     ZyXEL's responses to Paragraphs 1-79 are incorporated by reference.

81.     ZyXEL admits, upon information and belief, that U.S. Patent No. 7,796,705 ("the '705 patent") issued on September 14, 2010, and is titled "DMT Symbol Repetition in the Presence of Impulse Noise."  ZyXEL admits that Exhibit 11 attached to the Complaint appears to be a copy of the '705 patent.  ZyXEL is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations of Paragraph 81 of the Complaint and therefore denies them.

82.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 82 of the Complaint.  ZyXEL is without knowledge or in  formation sufficient to form a belief as to the truth of the remaining allegations of Paragraph 82 of the Complaint and, therefore, denies them.

83.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 83 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 83 of the Complaint and, therefore, denies them.

84.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 84 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 84 of the Complaint and, therefore, denies them.

85.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 85 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 85 of the Complaint and, therefore, denies them.

## COUNT XII – INFRINGEMENT OF U.S. PATENT NO. 7,889,784

86.     ZyXEL's responses to Paragraphs 1-85 are incorporated by reference.

87.     ZyXEL admits, upon information and belief, that U.S. Patent No. 7,889,784 ("the '784 patent") issued on February 15, 2011, and is titled "Multicarrier Modulation Messaging for SNR Per Subchannel During Showtime Information."  ZyXEL admits that Exhibit 12 attached to the Complaint appears to be a copy of the '784 patent.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 87 of the Complaint and therefore denies them.

88.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 88 of the Complaint.  ZyXEL is without knowledge or in  formation sufficient to form a belief as to the truth of the remaining allegations of Paragraph 88 of the Complaint and, therefore, denies them.

89.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 89 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 89 of the Complaint and, therefore, denies them.

90.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 90 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 90 of the Complaint and, therefore, denies them.

91.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 91 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 91 of the Complaint and, therefore, denies them.

## COUNT XIII – INFRINGEMENT OF U.S. PATENT NO. 7,835,430

92.     ZyXEL's responses to Paragraphs 1-91 are incorporated by reference.

93.     ZyXEL admits, upon information and belief, that U.S. Patent No. 7,835,430 ("the '430 patent") issued on November 16, 2010, and is titled "Multicarrier Modulation Messaging for Frequency Domain Received Idle Channel Noise Information."  ZyXEL admits that Exhibit 13 attached to the Complaint appears to be a copy of the '430 patent.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 93 of the Complaint and therefore denies them.

94.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 94 of the Complaint.  ZyXEL is without knowledge or in  formation sufficient to form a belief as to the truth of the remaining allegations of Paragraph 94 of the Complaint and, therefore, denies them.

14

95.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 95 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 95 of the Complaint and, therefore, denies them.

96.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 96 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 96 of the Complaint and, therefore, denies them.

97.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 97 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 97 of the Complaint and, therefore, denies them.

## COUNT XIV – INFRINGEMENT OF U.S. PATENT NO. 7,570,686

98.     ZyXEL's responses to Paragraphs 1-97 are incorporated by reference.

99.     ZyXEL admits, upon information and belief, that U.S. Patent No. 7,570,686 ("the '686 patent") issued on August 4, 2009, and is titled "Systems and Methods For Establishing a Diagnostic Transmission Mode and Communicating Over the Same."  ZyXEL admits that Exhibit 14 attached to the Complaint appears to be a copy of the '686 patent.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 99 of the Complaint and therefore denies them.

100.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 100 of the Complaint.  ZyXEL is without knowledge or in  formation sufficient to form a belief as to the truth of the remaining allegations of Paragraph 100 of the Complaint and, therefore, denies them.

101.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 101 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 101 of the Complaint and, therefore, denies them.

102.    ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 102 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 102 of the Complaint and, therefore, denies them.

103.    ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 103 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 103 of the Complaint and, therefore, denies them.

## COUNT XV – INFRINGEMENT OF U.S. PATENT NO. 8,238,412

104.    ZyXEL's responses to Paragraphs 1-103 are incorporated by reference.

105.    ZyXEL admits, upon information and belief, that U.S. Patent No. 8,238,412 ("the '412 patent") issued on August 7, 2012, and is titled "Multicarrier Modulation Messaging for Power Level Per Subchannel Information."  ZyXEL admits that Exhibit 15 attached to the Complaint appears to be a copy of the '412 patent.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 105 of the Complaint and therefore denies them.

106.    ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 106 of the Complaint.  ZyXEL is without knowledge or in  formation sufficient to form a belief as to the truth of the remaining allegations of Paragraph 106 of the Complaint and, therefore, denies them.

107.    ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 107 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 107 of the Complaint and, therefore, denies them.

108.    ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 108 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 108 of the Complaint and, therefore, denies them.

109.    ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 109 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 109 of the Complaint and, therefore, denies them.

### COUNT XVI – INFRINGEMENT OF U.S. PATENT NO. 8,432,956

110.    ZyXEL's responses to Paragraphs 1-109 are incorporated by reference.

111.    ZyXEL admits, upon information and belief, that U.S. Patent No. 8,432,956 ("the '2,956 patent") issued on April 30, 2013, and is titled "Multicarrier Modulation Messaging for Power Level Per Subchannel Information."  ZyXEL admits that Exhibit 16 attached to the Complaint appears to be a copy of the '2,956 patent.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 111 of the Complaint and therefore denies them.

112.    ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 112 of the Complaint.  ZyXEL is without knowledge or in  formation sufficient to form a belief as to the truth of the remaining allegations of Paragraph 112 of the Complaint and, therefore, denies them.

113.    ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 113 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 113 of the Complaint and, therefore, denies them.

114.    ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 114 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 114 of the Complaint and, therefore, denies them.

115.    ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 115 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 115 of the Complaint and, therefore, denies them.

## COUNT XVII – INFRINGEMENT OF U.S. PATENT NO. 7,451,379

116.    ZyXEL's responses to Paragraphs 1-115 are incorporated by reference.

117.    ZyXEL admits, upon information and belief, that  U.S. Patent No. 7,451,379 ("the '379 patent") issued on November 11, 2008, and is titled "CRC Counter Normalization." ZyXEL admits that Exhibit 17 attached to the Complaint appears to be a copy of the '379 patent. ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 117 of the Complaint and therefore denies them.

118.    ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 118 of the Complaint.  ZyXEL is without knowledge or in  formation sufficient to form a belief as to the truth of the remaining allegations of Paragraph 118 of the Complaint and, therefore, denies them.

119.    ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 119 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 119 of the Complaint and, therefore, denies them.

120.    ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 120 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 120 of the Complaint and, therefore, denies them.

121.    ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 121 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 121 of the Complaint and, therefore, denies them.

## COUNT XVIII – INFRINGEMENT OF U.S. PATENT NO. 8,516,337

122.    ZyXEL's responses to Paragraphs 1-121 are incorporated by reference.

123.    ZyXEL admits, upon information and belief, that U.S. Patent No. 8,516,337 ("the '337 patent") issued on August 20, 2013, and is titled "CRC Counter Normalization."  ZyXEL

admits that Exhibit 18 attached to the Complaint appears to be a copy of the '337 patent.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 123 of the Complaint and therefore denies them.

124.    ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 124 of the Complaint.  ZyXEL is without knowledge or in  formation sufficient to form a belief as to the truth of the remaining allegations of Paragraph 124 of the Complaint and, therefore, denies them.

125.    ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 125 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 125 of the Complaint and, therefore, denies them.

126.    ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 126 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 126 of the Complaint and, therefore, denies them.

127.    ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 127 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 127 of the Complaint and, therefore, denies them.

## COUNT XIX – INFRINGEMENT OF U.S. PATENT NO. 7,979,778

128.    ZyXEL's responses to Paragraphs 1-127 are incorporated by reference.

129.    ZyXEL admits, upon information and belief, that U.S. Patent No. 7,979,778 ("the '778 patent") issued on July 12, 2011, and is titled "CRC Counter Normalization."  ZyXEL admits that Exhibit 19 attached to the Complaint appears to be a copy of the '778 patent.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 129 of the Complaint and therefore denies them.

130.    ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 130 of the Complaint.  ZyXEL is without knowledge or in  formation sufficient to form a belief as to the truth of the remaining allegations of Paragraph 130 of the Complaint and, therefore, denies them.

131.    ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 131 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 131 of the Complaint and, therefore, denies them.

132.    ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 132 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 132 of the Complaint and, therefore, denies them.

133.    ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 133 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 133 of the Complaint and, therefore, denies them.

## COUNT XX – INFRINGEMENT OF U.S. PATENT NO. 7,925,958

134.    ZyXEL's responses to Paragraphs 1-133 are incorporated by reference.

135.    ZyXEL admits, upon information and belief, that U.S. Patent No. 7,925,958 ("the '958 patent") issued on April 12, 2011, and is titled "CRC Counter Normalization."  ZyXEL admits that Exhibit 20 attached to the Complaint appears to be a copy of the '958 patent.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 135 of the Complaint and therefore denies them.

136.    ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 136 of the Complaint.  ZyXEL is without knowledge or in  formation sufficient to form a belief as to the truth of the remaining allegations of Paragraph 136 of the Complaint and, therefore, denies them.

137.    ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 137 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 137 of the Complaint and, therefore, denies them.

138.    ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 138 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 138 of the Complaint and, therefore, denies them.

139.    ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 139 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 139 of the Complaint and, therefore, denies them.

## COUNT XXI – INFRINGEMENT OF U.S. PATENT NO. 8,462,835

140.    ZyXEL's responses to Paragraphs 1-139 are incorporated by reference.

141.    ZyXEL admits, upon information and belief, that U.S. Patent No. 8,462,835 ("the '835 patent") issued on June 11, 2013, and is titled "Impulse Noise Management."  ZyXEL admits that Exhibit 21 attached to the Complaint appears to be a copy of the '835 patent.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 141 of the Complaint and therefore denies them.

142.    ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 142 of the Complaint.  ZyXEL is without knowledge or in  formation sufficient to form a belief as to the truth of the remaining allegations of Paragraph 142 of the Complaint and, therefore, denies them.

143.    ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 143 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 143 of the Complaint and, therefore, denies them.

144.    ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 144 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 144 of the Complaint and, therefore, denies them.

145.    ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 145 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 145 of the Complaint and, therefore, denies them.

## COUNT XXII – INFRINGEMENT OF U.S. PATENT NO. 7,978,753

146.    ZyXEL's responses to Paragraphs 1-145 are incorporated by reference.

147.    ZyXEL admits, upon information and belief, that U.S. Patent No. 7,978,753 ("the '753 patent") issued on July 12, 2011, and is titled "Multicarrier Transmission System with Low Power Sleep Mode and Rapid-On Capability."  ZyXEL admits that Exhibit 22 attached to the Complaint appears to be a copy of the '753 patent.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 147 of the Complaint and therefore denies them.

148.    ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 148 of the Complaint.  ZyXEL is without knowledge or in  formation sufficient to form a belief as to the truth of the remaining allegations of Paragraph 148 of the Complaint and, therefore, denies them.

149.    ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 149 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 149 of the Complaint and, therefore, denies them.

150.    ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 150 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 150 of the Complaint and, therefore, denies them.

151.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 151 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 151 of the Complaint and, therefore, denies them.

## COUNT XXIII – INFRINGEMENT OF U.S. PATENT NO. 6,445,730

152.     ZyXEL's responses to Paragraphs 1-151 are incorporated by reference.

153.     ZyXEL admit, upon information and belief, that U.S. Patent No. 6,445,730 ("the '730 patent") issued on September 3, 2002, and is titled "Multicarrier Transmission System with Low Power Sleep Mode and Rapid-On Capability."  ZyXEL admits that Exhibit 23 attached to the Complaint appears to be a copy of the '730 patent.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 153 of the Complaint and therefore denies them.

154.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 154 of the Complaint.  ZyXEL is without knowledge or in  formation sufficient to form a belief as to the truth of the remaining allegations of Paragraph 154 of the Complaint and, therefore, denies them.

155.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 155 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 155 of the Complaint and, therefore, denies them.

156.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 156 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 156 of the Complaint and, therefore, denies them.

157.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 157 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 157 of the Complaint and, therefore, denies them.

## COUNT XXIV – INFRINGEMENT OF U.S. PATENT NO. 8,437,382

158.    ZyXEL's responses to Paragraphs 1-157 are incorporated by reference.

159.    ZyXEL admits, upon information and belief, that U.S. Patent No. 8,437,382 ("the '382 patent") issued on May 7, 2013, and is titled "Multicarrier Transmission System with Low Power Sleep Mode and Rapid-On Capability."  ZyXEL admits that Exhibit 24 attached to the Complaint appears to be a copy of the '382 patent.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 159 of the Complaint and therefore denies them.

160.    ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 160 of the Complaint.  ZyXEL is without knowledge or in  formation sufficient to form a belief as to the truth of the remaining allegations of Paragraph 160 of the Complaint and, therefore, denies them.

161.    ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 161 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 161 of the Complaint and, therefore, denies them.

162.    ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 162 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 162 of the Complaint and, therefore, denies them.

163.    ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 163 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 163 of the Complaint and, therefore, denies them.

## COUNT XXV – INFRINGEMENT OF U.S. PATENT NO. 7,836,381

164.    ZyXEL's responses to Paragraphs 1-163 are incorporated by reference.

165.    ZyXEL admits, upon information and belief, that U.S. Patent No. 7,836,381 ("the '381 patent") issued on November 16, 2010, and is titled "Computer Readable Medium with Instructions for Resource Sharing in a Telecommunications Environment."  ZyXEL admits that Exhibit 25 attached to the Complaint appears to be a copy of the '381 patent.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 165 of the Complaint and therefore denies them.

166.    ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 166 of the Complaint.  ZyXEL is without knowledge or in  formation sufficient to form a belief as to the truth of the remaining allegations of Paragraph 166 of the Complaint and, therefore, denies them.

167.    ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 167 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 167 of the Complaint and, therefore, denies them.

168.    ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 168 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 168 of the Complaint and, therefore, denies them.

169.    ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 169 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 169 of the Complaint and, therefore, denies them.

## COUNT XXVI – INFRINGEMENT OF U.S. PATENT NO. 7,844,882

170.    ZyXEL's responses to Paragraphs 1-169 are incorporated by reference.

171.    ZyXEL admits, upon information and belief, that U.S. Patent No. 7,844,882 ("the '882 patent") issued on November 30, 2010, and is titled "Resource Sharing in a Telecommunications Environment."  ZyXEL admits that Exhibit 26 attached to the Complaint

appears to be a copy of the '882 patent.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 171 of the Complaint and therefore denies them.

172.   ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 172 of the Complaint.  ZyXEL is without knowledge or in  formation sufficient to form a belief as to the truth of the remaining allegations of Paragraph 172 of the Complaint and, therefore, denies them.

173.   ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 173 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 173 of the Complaint and, therefore, denies them.

174.   ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 174 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 174 of the Complaint and, therefore, denies them.

175.   ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 175 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 175 of the Complaint and, therefore, denies them.

## COUNT XXVII – INFRINGEMENT OF U.S. PATENT NO. 8,276,048

176.   ZyXEL's responses to Paragraphs 1-175 are incorporated by reference.

177.   ZyXEL admits, upon information and belief, that U.S. Patent No. 8,276,048 ("the '048 patent") issued on September 25, 2012, and is titled "Resource Sharing in a Telecommunications Environment."  ZyXEL admits that Exhibit 27 attached to the Complaint appears to be a copy of the '048 patent.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 177 of the Complaint and therefore denies them.

178.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 178 of the Complaint.  ZyXEL is without knowledge or in  formation sufficient to form a belief as to the truth of the remaining allegations of Paragraph 178 of the Complaint and, therefore, denies them.

179.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 179 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 179 of the Complaint and, therefore, denies them.

180.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 180 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 180 of the Complaint and, therefore, denies them.

181.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 181 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 181 of the Complaint and, therefore, denies them.

## COUNT XXVIII – INFRINGEMENT OF U.S. PATENT NO. 8,495,473

182.     ZyXEL's responses to Paragraphs 1-181 are incorporated by reference.

183.     ZyXEL admits, upon information and belief, that U.S. Patent No. 8,495,473 ("the '473 patent") issued on July 23, 2013, and is titled "Resource Sharing in a Telecommunications Environment."  ZyXEL admits that Exhibit 28 attached to the Complaint appears to be a copy of the '473 patent.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 183 of the Complaint and therefore denies them.

184.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 184 of the Complaint.  ZyXEL is without knowledge or in  formation sufficient to form a belief as to the truth of the remaining allegations of Paragraph 184 of the Complaint and, therefore, denies them.

185.    ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 185 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 185 of the Complaint and, therefore, denies them.

186.    ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 186 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 186 of the Complaint and, therefore, denies them.

187.    ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 187 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 187 of the Complaint and, therefore, denies them.

## COUNT XXIX – INFRINGEMENT OF U.S. PATENT NO. 7,831,890

188.    ZyXEL's responses to Paragraphs 1-187 are incorporated by reference.

189.    ZyXEL admits, upon information and belief, that U.S. Patent No. 7,831,890 ("the '890 patent") issued on November 9, 2010, and is titled "Resource Sharing in a Telecommunications Environment."  ZyXEL admits that Exhibit 29 attached to the Complaint appears to be a copy of the '890 patent.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 189 of the Complaint and therefore denies them.

190.    ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 190 of the Complaint.  ZyXEL is without knowledge or in  formation sufficient to form a belief as to the truth of the remaining allegations of Paragraph 190 of the Complaint and, therefore, denies them.

191.    ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 191 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 191 of the Complaint and, therefore, denies them.

192.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 192 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 192 of the Complaint and, therefore, denies them.

193.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 193 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 193 of the Complaint and, therefore, denies them.

## COUNT XXX – INFRINGEMENT OF U.S. PATENT NO. 8,335,956

194.     ZyXEL's responses to Paragraphs 1-193 are incorporated by reference.

195.     ZyXEL admits, upon information and belief, that U.S. Patent No. 8,335,956 ("the '5,956 patent") issued on December 18, 2012, and is titled "Packet Retransmission and Memory Sharing."  ZyXEL admits that Exhibit 30 attached to the Complaint appears to be a copy of the '5,956 patent.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 195 of the Complaint and therefore denies them.

196.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 196 of the Complaint.  ZyXEL is without knowledge or in  formation sufficient to form a belief as to the truth of the remaining allegations of Paragraph 196 of the Complaint and, therefore, denies them.

197.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 197 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 197 of the Complaint and, therefore, denies them.

198.     ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 198 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 198 of the Complaint and, therefore, denies them.

199.    ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 199 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 199 of the Complaint and, therefore, denies them.

## COUNT XXXI – INFRINGEMENT OF U.S. PATENT NO. 8,468,411

200.    ZyXEL's responses to Paragraphs 1-199 are incorporated by reference.

201.    ZyXEL admits, upon information and belief, that U.S. Patent No. 8,468,411 ("the '411 patent") issued on June 18, 2013, and is titled "Packet Retransmission."  ZyXEL admits that Exhibit 31 attached to the Complaint appears to be a copy of the '411 patent.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 201 of the Complaint and therefore denies them.

202.    ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 202 of the Complaint.  ZyXEL is without knowledge or in  formation sufficient to form a belief as to the truth of the remaining allegations of Paragraph 202 of the Complaint and, therefore, denies them.

203.    ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 203 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 203 of the Complaint and, therefore, denies them.

204.    ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 204 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 204 of the Complaint and, therefore, denies them.

205.    ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 205 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 205 of the Complaint and, therefore, denies them.

## COUNT XXXII – INFRINGEMENT OF U.S. PATENT NO. 8,407,546

206.    ZyXEL's responses to Paragraphs 1-205 are incorporated by reference.

207.    ZyXEL admits, upon information and belief, that U.S. Patent No. 8,407,546 ("the '546 patent") issued on March 26, 2013, and is titled "Packet Retransmission and Memory Sharing."  ZyXEL admits that Exhibit 32 attached to the Complaint appears to be a copy of the '546 patent.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 207 of the Complaint and therefore denies them.

208.    ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 208 of the Complaint.  ZyXEL is without knowledge or in  formation sufficient to form a belief as to the truth of the remaining allegations of Paragraph 208 of the Complaint and, therefore, denies them.

209.    ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 209 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 209 of the Complaint and, therefore, denies them.

210.    ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 210 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 210 of the Complaint and, therefore, denies them.

211.    ZyXEL denies the allegations pertaining to ZyXEL set forth in Paragraph 211 of the Complaint.  ZyXEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 211 of the Complaint and, therefore, denies them.

## PRAYER FOR RELIEF

ZyXEL denies that Plaintiff is entitled to any of the relief requested in Paragraphs A through E or any other relief.

## DEMAND FOR JURY TRIAL

This Paragraph does not require a response from ZyXEL.  ZyXEL demands a trial by jury of all issues in this action so triable.

## AFFIRMATIVE AND OTHER DEFENSES

ZyXEL has not completed its investigation of defenses that may be available to it and therefore reserves the right to amend its Answer, Defenses and Counterclaims as its investigation continues.  For its affirmative and other defenses, ZyXEL alleges the following:

### FIRST DEFENSE/AFFIRMATIVE DEFENSE
#### (Non-Infringement)

ZyXEL does not infringe and has not infringed any valid and enforceable claim of TQ Delta's '008 patent, '041 patent, '627 patent, '721 patent, '610 patent, '427 patent, '881 patent, '028 patent, '706 patent, '511 patent, '705 patent, '784 patent, '430 patent, '686 patent, '412 patent, '2,956 patent, '379 patent, '337 patent, '778 patent, '958 patent, '835 patent, '753 patent, '730 patent, '382 patent, '381 patent, '882 patent, '048 patent, '473 patent, '890 patent, '5,956 patent, '411 patent, and '546 patent directly or indirectly, either by inducement or contribution, either literally or under the doctrine of equivalents.

### SECOND DEFENSE/AFFIRMATIVE DEFENSE
#### (Invalidity)

One or more of the claims of TQ Delta's '008 patent, '041 patent, '627 patent, '721 patent, '610 patent, '427 patent, '881 patent, '028 patent, '706 patent, '511 patent, '705 patent, '784 patent, '430 patent, '686 patent, '412 patent, '2,956 patent, '379 patent, '337 patent, '778 patent, '958 patent, '835 patent, '753 patent, '730 patent, '382 patent, '381 patent, '882 patent, '048 patent, '473 patent, '890 patent, '5,956 patent, '411 patent, and '546 patent are invalid for failure to satisfy one or more of the requirements and/or conditions for patentability under Title 35 of the United States Code, including *inter alia* Sections 102, 103 and 112.

### THIRD DEFENSE/AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

Upon information and belief, TQ Delta is estopped from asserting that ZyXEL infringes one or more of the claims of TQ Delta's '008 patent, '041 patent, '627 patent, '721 patent, '610 patent, '427 patent, '881 patent, '028 patent, '706 patent, '511 patent, '705 patent, '784 patent, '430 patent, '686 patent, '412 patent, '2,956 patent, '379 patent, '337 patent, '778 patent, '958 patent, '835 patent, '753 patent, '730 patent, '382 patent, '381 patent, '882 patent, '048 patent, '473 patent, '890 patent, '5,956 patent, '411 patent, and '546 patent under the doctrine of prosecution history estoppel.

### FOURTH DEFENSE/AFFIRMATIVE DEFENSE
### (Lack of Standing)

Upon information and belief, TQ Delta lacks standing to sue.

### FIFTH DEFENSE/AFFIRMATIVE DEFENSE
### (Unclean Hands)

Upon information and belief, TQ Delta's claims for relief for alleged infringement of TQ Delta's '008 patent, '041 patent, '627 patent, '721 patent, '610 patent, '427 patent, '881 patent, '028 patent, '706 patent, '511 patent, '705 patent, '784 patent, '430 patent, '686 patent, '412 patent, '2,956 patent, '379 patent, '337 patent, '778 patent, '958 patent, '835 patent, '753 patent, '730 patent, '382 patent, '381 patent, '882 patent, '048 patent, '473 patent, '890 patent, '5,956 patent, '411 patent, and '546 patent are barred, in whole or in part, by the equitable defense of unclean hands.

### SIXTH DEFENSE/AFFIRMATIVE DEFENSE
### (Laches, Waiver and Estoppel)

Upon information and belief, TQ Delta's claims for relief for alleged infringement of TQ Delta's '008 patent, '041 patent, '627 patent, '721 patent, '610 patent, '427 patent, '881 patent,

'028 patent, '706 patent, '511 patent, '705 patent, '784 patent, '430 patent, '686 patent, '412 patent, '2,956 patent, '379 patent, '337 patent, '778 patent, '958 patent, '835 patent, '753 patent, '730 patent, '382 patent, '381 patent, '882 patent, '048 patent, '473 patent, '890 patent, '5,956 patent, '411 patent, and '546 patent are barred, in whole or in part, by the doctrines of laches, waiver and/or equitable estoppel.

## SEVENTH DEFENSE/AFFIRMATIVE DEFENSE
### (Collateral and Judicial Estoppel)

Upon information and belief, TQ Delta's claims for relief for alleged infringement of TQ Delta's '008 patent, '041 patent, '627 patent, '721 patent, '610 patent, '427 patent, '881 patent, '028 patent, '706 patent, '511 patent, '705 patent, '784 patent, '430 patent, '686 patent, '412 patent, '2,956 patent, '379 patent, '337 patent, '778 patent, '958 patent, '835 patent, '753 patent, '730 patent, '382 patent, '381 patent, '882 patent, '048 patent, '473 patent, '890 patent, '5,956 patent, '411 patent, and '546 patent are barred, in whole or in part, by the doctrines of collateral estoppel and judicial estoppel.

## EIGHTH DEFENSE/AFFIRMATIVE DEFENSE

TQ Delta's claims for relief are barred in whole or in part by a failure to provide adequate notice under 35 U.S.C. § 287.

## NINTH DEFENSE/AFFIRMATIVE DEFENSE

TQ Delta may not recover any money damages for any alleged infringement committed more than six years prior to the filing of TQ Delta's Complaint under 35 U.S.C. § 286.

## TENTH DEFENSE/AFFIRMATIVE DEFENSE

TQ Delta's claims for contributory infringement are barred, in whole or in part, under 35 U.S.C. § 271(c) in view of the substantial non-infringing use of the allegedly accused products.

34

## ELEVENTH DEFENSE/AFFIRMATIVE DEFENSE

TQ Delta's right in the asserted patents have either been exhausted against ZyXEL or ZyXEL is licensed under one or more of the asserted patents.

## ZYXEL'S COUNTERCLAIMS

ZyXEL hereby asserts the following counterclaims against TQ Delta:

## NATURE OF ACTION

1.      This is an action for Plaintiff's breach of its contractual commitments to the standard-setting entities such as the Institute of Electrical and Electronics Engineers Standards Association ("IEEE ") and its members, affiliates and adopters.   Plaintiff's breach of its contractual commitments by refusing to offer licenses its United States Patent Nos. 8,090,008 ("the '008 patent"), 8,073,041 ("the '041 patent"), 7,292,627 ("the '627 patent"), 7,471,721 ("the '721 patent"), 8,218,610 ("the '610 patent"), 8,355,427 ("the '427 patent"), 7,453,881 ("the '881 patent"), 7,809,028 ("the '028 patent"), 7,978,706 ("the '706 patent"), 8,422,511 ("the '511 patent"), 7,796,705 ("the '705 patent"), 7,889,784 ("the '784 patent"), 7,835,430 ("the '430 patent"), 7,570,686 ("the '686 patent"), 8,238,412 ("the '412 patent"), 8,432,956 ("the '2,956 patent"), 7,451,379 ("the '379 patent"), 8,516,337 ("the '337 patent"), 7,979,778 ("the '778 patent"), 7,925,958 ("the '958 patent"), 8,462,835 ("the '835 patent"), 7,978,753 ("the '753 patent"), 6,445,730 ("the '730 patent"), 8,437,382 ("the '382 patent"), 7,836,381 ("the '381 patent"), 7,844,882 ("the '882 patent"), 8,276,048 ("the '048 patent"), 8,495,473 ("the '473 patent"), 7,831,890 ("the '890 patent"), 8,335,956 ("the '5,956 patent"), 8,468,411 ("the '411 patent"), and 8,407,546 ("the '546 patent").   Plaintiff further breached these contracts by filing patent infringement actions seeking to enjoin ZyXEL's implementation of the technology of the allegedly essential patents.

## PARTIES

2.      ZyXEL Communications, Inc. ("ZyXEL") is a corporation organized and existing under the laws of the State of California and has a place of business at 1130 North Miller Street, Anaheim, California 92806.

3.      Upon information and belief, TQ Delta, LLC ("TQ Delta") is a limited liability company organized and existing under the laws of the State of Delaware and having a principal place of business at 805 Las Cimas Parkway, Suite 240, Austin, Texas 78746.

## JURISDICTION AND VENUE

4.      These counterclaims arise under the patent laws of the United States, Title 35, United States Code and under Title 28, United States Code, §§ 2201 and 1338(a).

5.      This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202 as they arise under an Act of Congress relating to patents.

6.      Venue is proper in this District under 28 U.S.C. §§ 1391(b), (c) and 1400 (b).  By filing its Complaint in this District, TQ Delta in this action has consented to personal jurisdiction and venue in this District.

## FACTUAL BACKGROUND

7.      In its Complaint, TQ Delta purports to be the owner of all rights, title, and interest in U.S. Patent Nos. '008 patent, '041 patent, '627 patent, '721 patent, '610 patent, '427 patent, '881 patent, '028 patent, '706 patent, '511 patent, '705 patent, '784 patent, '430 patent, '686 patent, '412 patent, '2,956 patent, '379 patent, '337 patent, '778 patent, '958 patent, '835 patent, '753 patent, '730 patent, '382 patent, '381 patent, '882 patent, '048 patent, '473 patent, '890 patent, '5,956 patent, '411 patent, and '546 patent, and asserts that ZyXEL has infringed the '008 patent, '041 patent, '627 patent, '721 patent, '610 patent, '427 patent, '881 patent, '028 patent,

36

'706 patent, '511 patent, '705 patent, '784 patent, '430 patent, '686 patent, '412 patent, '2,956 patent, '379 patent, '337 patent, '778 patent, '958 patent, '835 patent, '753 patent, '730 patent, '382 patent, '381 patent, '882 patent, '048 patent, '473 patent, '890 patent, '5,956 patent, '411 patent, and '546 patent.

8.      An actual and justiciable controversy exists between TQ Delta and ZyXEL concerning the alleged infringement and validity of the '008 patent, '041 patent, '627 patent, '721 patent, '610 patent, '427 patent, '881 patent, '028 patent, '706 patent, '511 patent, '705 patent, '784 patent, '430 patent, '686 patent, '412 patent, '2,956 patent, '379 patent, '337 patent, '778 patent, '958 patent, '835 patent, '753 patent, '730 patent, '382 patent, '381 patent, '882 patent, '048 patent, '473 patent, '890 patent, '5,956 patent, '411 patent, and '546 patent by virtue of TQ Delta's allegations of infringement.

## COUNTERCLAIM ONE
### (Breach of Contract)

9.      ZyXEL incorporates the averments of Paragraphs 1 through 211 of its Answers and Affirmative Defenses and Paragraphs 1 through 8 of these Counterclaims, as though fully set forth herein.

10.     Plaintiff entered into express or implied contractual communication with standard-setting entities such as the IEEE and its members, affiliates and adopters relating to the DSL-related standards.

11.     Each third party that would potentially implement the DSL-related technology was an intended beneficiary of those contracts.

12.     Plaintiff was contractually obligated, among other things, to offer a license to their identified patents consistent with the applicable patent policy of the standards and bylaws of the standard-setting entities.

13.     Plaintiff breached their contract, among other ways, by refusing to offer licenses to their identified patents under reasonable rates, with reasonable terms, and on a non-discriminatory basis.

14.     Plaintiff further breached these contracts by filing patent infringement actions seeking to enjoin ZyXEL's implementation of the technology of the allegedly "essential" patents and to exclude ZyXEL from, among other things, importing or selling products that implement such technology.  To the extent this technology is actually necessary to implementation of the relevant standards, Plaintiff was obligated to offer licenses to ZyXEL on RAND terms.

15.     As a result of Plaintiff's contractual breaches, ZyXEL has been injured in its business or property, and is threatened by imminent loss of profits, loss of customers and potential customers, and loss of goodwill and product image.

16.     ZyXEL will suffer irreparable injury by reason of the acts, practices, and conduct of Plaintiff alleged above until and unless the Court enjoins such acts, practices, and conduct.

17.     Among other things, ZyXEL is entitled to a preliminary and permanent injunction prohibiting Plaintiff from enforcing their allegedly "essential" patents against ZyXEL, or from excluding ZyXEL from implementing the technology allegedly embodied in those patents.

**COUNTERCLAIM TWO**
**(Declaratory Judgment that Plaintiff Must Offer ZyXEL a RAND License Or That The Alleged "Essential" Patents Are Unenforceable As to ZyXEL)**

18.     ZyXEL incorporates the averments of Paragraphs 1 through 211 of its Answers and Affirmative Defenses and Paragraphs 1 through 17 of these Counterclaims, as though fully set forth herein.

19.     There is a dispute between the parties concerning whether Plaintiff has offered to license to ZyXEL patents consistent with the referenced policy of the standards and bylaws of the standard-setting entities.

20.     The dispute is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

21.     ZyXEL is entitled to a declaratory judgment that Plaintiff has not offered license terms to ZyXEL on terms consistent with the referenced policy of the standards and bylaws of the standard-setting entities.

22.     Because Plaintiff has refused to offer a license on RAND terms to ZyXEL, ZyXEL is further entitled to a declaratory judgment setting forth the RAND terms and conditions for a license to the RAND terms, including the applicable royalty rate.

23.     ZyXEL is further entitled to a declaratory judgment that if Plaintiff refuses to offer a license on RAND terms, the allegedly "essential" patents shall be unenforceable as to ZyXEL.

## PRAYER FOR RELIEF

Wherefore, ZyXEL respectfully requests that this Court enter judgment against plaintiffs as follows:

(a)     Adjudge and decree that Plaintiff is liable for breach of contract;

(b)     Decree that ZyXEL is entitled to license any and all patents that fall within Plaintiff's commitments to the standard-setting entities such as the IEEE in relation to DSL-related technology, on a non-discriminatory basis on reasonable terms and conditions.

(c)     Enjoin Plaintiff from further demanding excessive royalties from ZyXEL that are not consistent with Plaintiff's RAND obligations, and from enforcing, or seeking to enforce, patent infringement claims in the ITC (or elsewhere) in breach of their RAND obligations as alleged above;

(d)     Decree that if Plaintiff refuses to offer ZyXEL a license on a non-discriminatory basis on reasonable terms and conditions, that Plaintiff 's patents are unenforceable as to ZyXEL and its products;

(e)     Enter judgment against Plaintiff for the amount of damages that ZyXEL proves at trial;

(f)     Award ZyXEL its attorneys' fees, costs and expenses in this action; and

(g)     Award ZyXEL such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure, ZyXEL demands a jury trial of all issues that may be tried to a jury.

Dated: February 3, 2014

Of Counsel:

Yitai Hu (*pro hac vice* pending)
Elizabeth H. Rader (*pro hac vice* pending)
Tsai-Yu (April) Chen (*pro hac vice* pending)
ALSTON + BIRD LLP
275 Middlefield Road, Suite 150
Menlo Park, California  94025-4004
(650) 838-2008
yitai.hu@alston.com
elizabeth.rader@alston.com
april.chen@alston.com

    */s/ Kenneth L. Dorsney*
Kenneth L. Dorsney (Bar No. 3726)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
(302) 888-6800
kdorsney@morrisjames.com

Attorneys for Defendant ZYXEL
COMMUNICATIONS INC.