## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TQ DELTA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 13-cv-02013-RGA |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| ZYXEL COMMUNICATIONS, | ) | |
| INC. | ) | |
| and | ) | |
| ZYXEL COMMUNICATIONS | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendants. | | |

### PROPOSED PROTECTIVE ORDER

Having read and considered the parties' joint motion for entry of joint protective order, the Court GRANTS the parties' joint motion and HEREBY ORDERS the following:

### 1.     PURPOSES AND LIMITATIONS

This Protective Order (the "Order") governs the production or exchange of documents and other discovery materials in connection with the above-captioned action (the "Action") by or between the Parties and any third parties, either through the formal discovery process or informally. Documents or other discovery materials produced or exchanged in connection with this Action may only be used in this Action and may not be used for any other actions absent the written agreement of the producing party. For example, documents produced in this action may only be used in this action and may not be used in *TQ Delta v. Pace PLC et al.*, Case No. 1:13-cv-1835 (D. Del.) (the "Pace Action") unless the producing party in this Action consents in writing, and documents produced in the Pace Action may only be used in the Pace Action and may not be used in this Action unless the producing party in the Pace Action consents in writing. The parties acknowledge that this Order does not confer blanket protections on all disclosures or

responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

If discovery is sought from third parties in connection with this Action, and this discovery would require a third party to disclose and/or produce Confidential or Highly Confidential Information, that third party may gain the protections of this Order through a written agreement by that third party to produce documents or information pursuant to this Order and to be bound by it. Under such agreement, the Parties hereto will be bound by this Order with respect to all Confidential or Highly Confidential Information produced by that third party.

## 2.    DEFINITIONS

**2.1    Party:** any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and in-house counsel (and their support staff).

**2.2    Discovery Material:** all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced in discovery in this Action.

**2.3    "CONFIDENTIAL" Information or Items:** information (regardless of how generated, stored or maintained) or tangible things not generally known to others, and that (i) qualifies for protection under Federal Rule of Civil Procedure 26(c); or (ii) is protected by a right to privacy under federal or state law, or any other applicable privilege or right related to confidentiality or privacy.

**2.4    Highly Confidential Information:** information or items designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - SOURCE CODE."

**2.5    "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items:** highly sensitive "Confidential Information or Items," the disclosure of which to another Party or non-party would create a substantial risk of serious harm that could

2

not be avoided by less restrictive means. Highly Confidential Information designations
should be used only for sensitive technical, financial, competitive, or personnel
information, which is not generally known by third parties and that the Producing Party
would not normally reveal to third parties or would require third parties to maintain in
confidence either by agreements, policies, or procedures.

**2.6** **"HIGHLY CONFIDENTIAL - SOURCE CODE" Information or Items:**
extremely sensitive "Confidential Information or Items" representing computer code,
including human-readable programming language information that defines software,
firmware, or electronic hardware descriptions (hereinafter referred to as "Source Code").,
disclosure of which to another Party or non-party would create a substantial risk of
serious harm that could not be avoided by less restrictive means. Text files containing
Source Code shall hereinafter be referred to as "Source Code Files." Source Code Files
include, but are not limited to, files containing source in "C", "C++," assembler, VHDL,
Verilog, and digital signal processor (DSP), GDS II, and OASIS programming languages.
Source Code Files further include ".include" files, ".s" files, ".c" files, ".vhd" files, ".h"
files, "make" files, link files, and other human-readable text files used in the generation
and/or building of electronic hardware or software directly executed on a microprocessor,
micro-controller, or DSP.  This shall include header files and documents summarizing or
containing excerpts of portions of source code.

**2.7** **Receiving Party:** a Party that receives Discovery Material from a Producing
Party.

**2.8** **Producing Party:** a Party or non-party that produces Discovery Material in any
of this this Action.

**2.9** **Designating Party:** a Party or non-party that designates information or items that
is produced in disclosures or in responses to discovery as "Confidential," "Highly
Confidential - Attorneys' Eyes Only," or "Highly Confidential - Source Code."

**2.10** **Protected Material:** any Discovery Material that is designated as "Confidential,"

3

"Highly Confidential - Attorneys' Eyes Only," or "Highly Confidential - Source Code."

**2.11    Outside Counsel:** attorneys who are not employees of a Party, but who are retained to represent or advise a Party in this Action.

**2.12    In-house Counsel:** attorneys who are employees of a Party.

**2.13    Counsel (without qualifier):** Outside Counsel and In-house Counsel (as well as their necessary support staff).

**2.14    Outside Consultant:** a person who has been retained by, or at the direction of, a Party or its Counsel to serve as an expert witness or as a consultant in this Action.

**2.15    Professional Vendors:** persons or entities that provide litigation support services (e.g., photo-copying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium, etc.) and their employees and subcontractors, and who are not current employees of a Party or of a competitor of a Party, and who, at the time of retention, are not anticipated to become employees of a Party or of a competitor of a Party. This definition includes ESI vendors, professional jury or trial consultant retained in connection with one or more of this Action, and mock jurors retained by such consultants to assist them in their work. Professional Vendors do not include consultants who fall within the definition of Outside Consultant.

**3.      SCOPE AND APPLICABILITY**. All documents, materials, items, testimony or information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," and "HIGHLY CONFIDENTIAL - SOURCE CODE," regardless of whether stored in electronic or paper form, produced or filed with the Court, submitted to the Court in connection with a hearing or trial, or produced or served either by a Party or a third party, to or for any of the other Parties, shall be governed by this Protective Order and shall be used only for the purposes of this Action and not for any other litigation or business, patent prosecution, competitive or governmental purpose or function, and shall not be disclosed to anyone except as provided in this Protective Order, absent a specific order by the Court. This Order shall be binding upon the Parties and

4

their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, and other persons or organizations over which they have control. The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure. Identification of any individual pursuant to this Protective Order does not subject that individual to deposition or any other form of discovery other than as, and to the extent, provided by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Delaware.

**4.     DURATION.**  Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment in this Action after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

However, the duration of the Prosecution Bar is defined in Section 13.

## 5.    DESIGNATING PROTECTED MATERIAL

**5.1    Manner and Timing of Designations.**  Except as otherwise provided in this
Order, or as otherwise stipulated or ordered, Discovery Material that qualifies for
protection under this Order must be clearly so designated before being disclosed or
produced.  Designation in conformity with this Order requires:

(a)    for information in documentary form (apart from transcripts of depositions
or other pretrial or trial proceedings), the Producing Party shall affix the legend
"CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or
"HIGHLY CONFIDENTIAL - SOURCE CODE" on each page of each document that
contains Protected Material.  If only a portion or portions of the document qualifies for
protection, the Producing Party also must clearly identify the protected portion(s) and
must specify, for each portion, the level of protection being asserted
("CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or
"HIGHLY CONFIDENTIAL - SOURCE CODE").

(b)    for testimony given in deposition or in other pretrial or trial proceedings,
the Designating Party shall identify on the record, before the close of the deposition,
hearing, or other proceeding, all Protected Material and further specify any portions of
the testimony that qualify as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE."
When impractical to identify separately each portion of testimony that is entitled to
protection, and when substantial portions of the testimony may qualify for protection, the
Designating Party may invoke on the record a right to designate the entire testimony or
particular portion thereof "CONFIDENTIAL," "HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE."
Testimony in a deposition may also be designated "CONFIDENTIAL," "HIGHLY
CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL -

6

SOURCE CODE" by notifying the deposing party in writing within fourteen (14) calendar days of the receipt of the final deposition transcript. Unless the parties otherwise agree, the entire transcript of all depositions shall be deemed designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" until the fourteen (14) day deadline for designation has expired. Any portions so designated shall thereafter be treated in accordance with the terms of this Order. No deposition transcript may be read by anyone other than the deponent, Counsel for the parties, and those qualified to see "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" material under Paragraph 7 during the fourteen (14) calendar day period unless otherwise agreed upon among the Outside Counsel. Upon being informed that specific portions of a deposition disclose either "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE" information, each party must cause each copy of the transcript in its custody or control to promptly be marked with the appropriate designation.

Transcript pages containing Protected Material must contain on each page the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE," as instructed by the Party or non-party designating the Protected Material for protection.

(c) for electronic documents and other electronic files, the Producing Party shall affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE" as appropriate to the media containing the documents, or by indicating in writing those documents designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE."

(d) for information produced in some form other than documentary, and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the

7

legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE."

**5.2 Inadvertent Failure to Designate.** The inadvertent or unintentional production by any Producing Party, or any third party subject to an obligation of confidentiality, of confidential material or information without designating such material or information as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE" shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to that specific information or as to any other information. In the event that a Producing Party discovers that it or a third party subject to an obligation of confidentiality inadvertently or unintentionally provided Confidential Information without so designating, that party shall, upon learning of the disclosure, promptly notify in writing each Receiving Party of such inadvertent or unintentional disclosure and designate all documents or portions thereto containing such information "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE" subject to the protections of this Order. To the extent that the circumstances of discovery of inadvertent or unintentional disclosure prevent providing written notice immediately, the Producing Party shall provide adequate notice given the circumstances (e.g., on the record at a deposition) and follow up promptly in writing. Upon receiving notice of the inadvertent or unintentional disclosure, a Receiving Party shall immediately make all reasonable efforts to assure that the material is thereafter treated in accordance with the provisions of this Order. If inadvertently or unintentionally provided Confidential Information previously has been disclosed by a Receiving Party in any filing, motion, hearing, trial or

8

proceeding, then the Receiving Party, after being duly notified by letter, shall, to the extent necessary, make reasonable efforts to designate all documents or portions containing such information as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE." To the extent belatedly-designated Confidential Information was previously submitted in a filing or motion, the party submitting the filing shall cooperate with the designating party in any motion or request to the Court to seal such information, in accordance with the Court's rules and procedures. Nothing herein shall prevent the Receiving Party from challenging the propriety of the belated designation of the documents by submitting a written challenge to the Court, in accordance with section 6 below or any other applicable rule or statute.

**5.3    Production of Work Product or Privileged Information, Whether Inadvertent or Otherwise.** The production of documents subject to work product protection, trade secret protection, the attorney-client privilege or other privilege or protection provided by law, whether inadvertent or otherwise, shall not constitute a waiver of the protection or privilege, provided that the Producing Party (or the party holding the privilege or protection if produced by a third party, such as an outside law firm) promptly after learning of the production notifies the Receiving Party in writing that it intends to assert privilege or other protection with regard to such production. No party to this Action thereafter shall assert that such disclosure alone waived any privilege or protection. Absent court order or agreement of the parties to the contrary, no use shall be made of such documents during deposition, at trial, or in any filing or motion, nor shall they be shown to anyone who was not given access to them prior to the request to return or destroy them. Any Receiving Party will return or destroy such produced items and all copies within five (5) business days of receiving a written request from the Producing Party for the return or destruction of such items and certify such return or destruction in writing to the Producing Party, and provide written confirmation of

9

compliance. The return of such items shall not be construed as an agreement by the
returning party that the information is, in fact, protected by any privilege or immunity.
Within seven (7) days of receiving written confirmation from any Receiving Party, the
Producing Party must serve a supplemental privilege log covering the privileged or
otherwise protected matter produced. The Receiving Party, having so returned the items,
may thereafter seek production of any such documents in accordance with the Federal
Rules of Civil Procedure (without asserting waiver based solely on their production).
Nothing in this Order shall (i) prevent the Receiving Party from challenging the propriety
of the attorney-client privilege or other privilege or protection asserted by submitting a
written challenge to the Court in accordance with section 6 below or any other applicable
rule or statute; or (ii) be construed to require the production of any information,
document, electronically stored information or thing that a party contends is protected
from disclosure by any privilege or protection. To the extent applicable, Federal Rule of
Evidence 502(d) shall apply.

**5.4    Exercise of Restraint and Care in Designating Material for Protection.**  Each
Party or non-party that designates information or items for protection under this Order
must take care to limit any such designation to specific material that qualifies under the
appropriate standards. To the extent it is practical to do so, the Designating Party must
designate for protection only those parts of material, documents, items, or oral or written
communications that qualify – so that other portions of the material, documents, items, or
communications for which protection is not warranted are not swept unjustifiably within
the ambit of this Order.  Mass, indiscriminate, or routinized designations are prohibited.
Designations that are shown to be clearly unjustified or that have been made for an
improper purpose (e.g., to unnecessarily encumber or retard the case development
process or to impose unnecessary expenses and burdens on other parties) expose the
Designating Party to sanctions.  If it comes to a Designating Party's attention that
information or items that it designated for protection do not qualify for protection at all or

10

do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

**6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

**6.1     Objections to Confidentiality Designations and Judicial Intervention.** Any Party may object to the designation of particular "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE" information by specifically identifying the information to which the objection is made in a written notice to the party designating the disputed information. However, a Party shall not be obligated to challenge the propriety of such designations at the time made, and the failure to do so shall not preclude a subsequent challenge thereto. If the parties cannot resolve the objection, it shall be the obligation of the party challenging the "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE" designation to file and serve a motion under Local Civil Rule 7.1 (and in compliance with any other applicable Local Civil Rule(s)) that specifically identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in Section 6.2 below. Until the Court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

**6.2     Meet and Confer.** A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring with the Designating Party. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. The Designating Party must cooperate in scheduling

11

such conference. If the Designating Party is unavailable to meet and confer within a reasonable amount of time or fails to cooperate in scheduling the conference, the Producing Party may proceed to request a conference with the Court.

**6.3** **Judicial Intervention.** A Party that elects to initiate a challenge to a confidentiality designation after considering the justification offered by the Designating Party may request a discovery conference with the Court. The burden of persuasion in any such challenge proceeding shall be on the Designating Party to establish that the information is, in fact, properly designated. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

## 7. PRESERVATION AND USE OF PROTECTED MATERIAL

**7.1** **Basic Principles.** A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party only in connection with this Action and not for any other litigation (including any other action brought by TQ Delta), or any business, patent prosecution, competitive or governmental purpose or function, and shall not disclose Protected Material to anyone except as provided in this Order absent a specific order by the court. When this Action has been terminated, a Receiving Party must comply with the provisions of Section 12 below (FINAL DISPOSITION). Outside Counsel for the Receiving party shall make best efforts to prevent any disclosure of any "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE" information except in accordance with the terms of this Order, and to ensure that any individual who receives any Protected Material from Outside Counsel as authorized by this Order shall adhere to all applicable provisions of this Order.

**7.2** **Disclosure of "CONFIDENTIAL" Information or Items.** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party

12

may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of record in this Action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this Action;

(b)     up to three (3) officers, directors, or employees (including In-house Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action, who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A); if any Receiving Party believes that more than three (3) employees require access to Protected Material, that party may negotiate that issue directly with the Producing Party;

(c)     Outside Consultants (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)     the Court and its personnel;

(e)     court reporters and videographers, their staff, and Professional Vendors to whom disclosure is reasonably necessary for this Action;

(f)     any designated mediator who is assigned to hear this matter, or who has been selected by the Parties, and his or her staff, who have signed the "Agreement To Be Bound by Protective Order" (Exhibit A);

(g)     during their depositions, witnesses in this Action to whom disclosure is reasonably necessary for this Action or who qualify under Sections 7.2(h) and (i), and who have signed the "Agreement to Be Bound By Protective Order" (Exhibit A), .unless otherwise agreed by the Designating Party or ordered by the court  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

13

(h)     each person the document or information identifies as an author, source or recipient of such document or information, or who is a witness for the Designating Party; and

(i)     any person that evidence demonstrates to have already viewed the information or document or been told of its content

**7.3     Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - SOURCE CODE" Information or Items.** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - SOURCE CODE" only to:

(a)     The Receiving Party's Outside Counsel of record in this Action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this Action;

(b)     Outside Consultants (as defined in this Order) (1) to whom disclosure is reasonably necessary for this Action, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in Section 7.5 below, have been followed;

(c)     the Court and its personnel;

(d)     court reporters and videographers, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this Action;

(e)     any designated mediator who is assigned to hear this matter, or who has been selected by the Parties, and his or her staff, who have signed the "Agreement To Be Bound by Protective Order" (Exhibit A);

(f)     each person the document or information identifies as an author, source or

14

recipient of such document or information, or who is an employee witness or consultant for the Designating Party; and

(g)     any person that evidence demonstrates to have already viewed the information or document or been told of its content prior to the filing of the subject litigation.

## 7.4     Treatment of "HIGHLY CONFIDENTIAL - SOURCE CODE" Information or Items.

To the extent that any party wishes to obtain access to "Highly Confidential - Source Code" Information or Items, the following procedures shall apply:

(a)     The Producing Party shall make any Source Code produced in this litigation available for inspection on a personal computer not connected to the Internet or any other external network, with all accessory ports disabled, running a reasonably current version of the Microsoft Windows operating system ("Source Code Computer"). In addition, the Producing Party shall make the Source Code available in hierarchical directory and file structures as close to the original as possible. Should it be necessary, other mutually agreed upon operating systems, such as Linux, may also be made available by the Producing Party.

(b)     The Producing Party shall make the Source Code available electronically and in text searchable form on a Source Code Computer in a secure room at a secure facility in the San Francisco Bay Area, CA (which comprises San Francisco, San Mateo, Santa Clara and Alameda Counties), or at some other location mutually agreed upon in writing by the Producing Party and the Receiving Party.

(c)     The Producing Party shall not install any keystroke or other monitoring software on the Source Code Computer. The Producing Party shall provide a manifest of the contents of the Source Code Computer. This manifest, which will be supplied in both printed and electronic form, will list the name, location, and MD5 Hash value of every source and executable file located on the computer.

15

(d)     The Source Code Computer shall include software utilities which allow counsel and experts to view, search, and analyze the source code. At a minimum, these utilities must provide the ability to (a) view, search, and line-number any source file, (b) search for a given pattern of text through a number of files, (c) compare two files and display their differences, and (d) compute the MD5 Hash value of a file. The Receiving Party may request in advance access to additional tool software on the Source Code Computer, which shall be installed by the Producing Party. By way of example, sufficient tools for software Source Code (*e.g.*, Source Code in C++, Java, etc.) shall include Notepad++, Eclipse, DOxygen, GREP or similar tools. The Receiving Party may request that other commercially available software tools to assist in evaluating, reviewing and searching the electronic source code be installed on the Source Code Computer; provided, however, that such other tools are mutually agreed upon and reasonably necessary for the Receiving Party to perform its review and/or evaluation of the Source Code consistent with the purposes and protections herein. The Receiving Party is not permitted to compile code or otherwise create executable code from the Source Code being reviewed. The Receiving Party shall provide the Producing Party with software tool(s) sufficiently in advance of the date upon which the Receiving Party wishes to use said tools on the Source Code Computer and the Receiving Party shall bear any and all costs arising from or associated with licensing, installing, or otherwise using the tools. Tools for reviewing Source Code shall not be used to circumvent the protections of this Order.

(e)     The Source Code Computer shall be made available from 9 am to 6 pm local time, Monday through Friday (excluding holidays), and other mutually agreeable days and/or times, including weekends, upon reasonable request on advance notice of two (2) business days until the close of discovery in this action.

(f)     The Source Code is to be treated as "HIGHLY CONFIDENTIAL - SOURCE CODE" information. In addition, the Source Code is to be treated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information, and the Receiving Party

16

may not disclose the Source Code to anyone who has not undertaken to abide by the Protective Order. No employee of the Receiving Party may access or obtain the Source Code. In no case shall any information designated as "HIGHLY CONFIDENTIAL - SOURCE CODE" by a Defendant be provided to any other Defendant or Defendant's Counsel by any party or Counsel absent explicit agreement from the Defendant designating the information.

(g)     No more than seven (7) individuals who qualify under sections 2.10 or 2.13, above, for the Receiving Party, may have access to the Source Code Computer. In addition, no more than ten (10) additional attorneys and/or experts who qualify under paragraph 2.10 or 2.13, above, for the Receiving Party, may have access to the printed copy of any portion of the Producing Party's Source Code. The Producing Party will confer with the Receiving Party to coordinate the first date on which inspection of Source Code will be available. Subsequently, each time Counsel for the receiving party requests a review of Source Code on the Source Code Computer, it must give at least two (2) business days (and at least 48 hours) notice to the Counsel for the Producing Party that it will be sending individual(s) authorized to review the Source Code made available on the Source Code Computer. The Receiving Party shall identify all individuals who will be given access to the Source Code at least ten (10) days prior to any inspection, after which time the Producing Party may object to providing Source Code access to any persons so identified.

(h)     Proper identification of all authorized persons shall be provided prior to any access to the secure facility or the Source Code Computer. Proper identification is hereby defined as an original form of photo identification (including, e.g., a personal identification card, a driver's license, or a passport) sanctioned by the government of a U.S. state, by the United States federal government, or by the nation state of the authorized person's current citizenship. Access to the secure facility or the Source Code Computer may be denied, at the discretion of the Producing Party, to any individual who

17

fails to provide proper identification.

(i)     The Source Code Computer shall be equipped with a laser printer with commercially reasonable printing speeds to print a copy of the Source Code on watermarked pre-Bates numbered paper, which shall be provided by the Producing Party. Counsel for the Producing Party will keep the originals of printed documents, and one copy shall be made for Outside Counsel for the Receiving Party on watermarked paper promptly following the end of the inspection. This copy shall either be provided to counsel on the day of printing or shall be shipped to counsel for the Receiving Party on that day for next business day delivery. If the inspection ends after 5:00 pm local time, the copy shall be shipped to counsel on the following morning for next business day delivery. Counsel for the Receiving Party may request up to five (5) copies of printed Source Code, at the Receiving Party's expense. Any printing and photocopying shall be limited to a reasonable amount required to allow for use of printouts in deposition, hearing or as exhibits to papers filed under seal. It will not be permissible to print and copy code for offsite review. If more than 3,000 pages per Accused Product of the total Source Code or a continuous block of more than fifty (50) pages is printed, the printouts will be presumed excessive. All printed Source Code shall be logged by the Receiving Party as noted in paragraph 7(l) below. In addition to other reasonable steps to maintain the security and confidentiality of the Producing Party's Source Code, the printed copy of the Source Code maintained by the Receiving Party must be kept in a locked storage container when not in use. No additional electronic copies of the Source Code shall be provided.

(j)     Other than in connection with pleadings filed under seal and depositions designated "HIGHLY CONFIDENTIAL - SOURCE CODE," no subsequent copies shall be made of the printed copy provided by the Producing Party to the Receiving Party. Hard copies of the Source Code also may not be converted into an electronic document, and may not be scanned using optical character recognition ("OCR") technology.

18

(k)     No outside electronic devices, including but not limited to laptops, floppy drives, zip drives, portable hard drives, flash memory devices or other hardware shall be permitted in the secure room. Nor shall any cellular telephones, personal digital assistants (PDAs), cameras, voice recorders, Dictaphones, telephone jacks or other devices be permitted inside the secure room. Nor shall any non-electronic devices capable of similar functionality be permitted in the secure room. Nothing set forth herein shall prevent any person reviewing "HIGHLY CONFIDENTIAL – SOURCE CODE" materials from taking personal notes regarding their review. The Producing Party shall make a space available outside the secure room in which persons reviewing "HIGHLY CONFIDENTIAL – SOURCE CODE" may utilize such devices and/or transfer their notes to a personal computer or other device. However, under no circumstances, is any portion of the source code to be recorded verbatim in notes as a way to circumvent the protections of this Protective Order.

(l)     The Receiving Party's Outside Counsel shall keep a log identifying, for each and every time any Source Code is viewed or accessed at the secure location: (i) the name of each person who viewed or accessed the Source Code; (ii) the date and time of such access; (iii) the length of time of access; (iv) whether any hard copies of any portion of the Source Code were printed. Within thirty (30) days after the issuance of a final, non-appealable decision resolving all issues in this Action - or within thirty (30) days of entry of dismissal following a settlement between the Receiving Party and the Producing Party - the Receiving Party must serve upon the Producing Party the log and, at the Receiving Party's option, either return to the Producing Party or certify the destruction of the paper copy of the Producing Party's Source Code as well as documents, pleadings, reports, and notes reflecting or referring to such Source Code. In addition, all persons to whom the paper copy of the Source Code were provided must certify in writing that the copy of the Source Code were returned to the Counsel who provided them the information and that they will make no use of the Source Code or of any knowledge gained from the Source

19

Code in any future endeavor.

(m)     Any Outside Consultant retained on behalf of a Receiving Party who is to be given access to a Producing Party's "HIGHLY CONFIDENTIAL - SOURCE CODE" Material (whether in electronic form or otherwise) must first agree in writing not to perform software development work, directly or indirectly, intended for commercial purposes in the field of Digital Subscriber Line ("DSL") technology, including, but not limited to, ADSL 2/2+, VDSL2, bonded DSL, and any potential future DSL standards that may be promulgated by the ITU-T or other standard-setting organization, utilizing any part or portion of the disclosed software that was accessed by the Outside Consultant, which was not already known to the Outside Consultant or in the public domain. This shall not preclude such Outside Consultants from consulting in future litigation, so long as such consulting does not involve software development work as described in the preceding sentence that is directly or indirectly intended for commercial purposes.

(n)     Access to and review of the Source Code shall be strictly for the purpose of investigating the claims and defenses at issue in this Action and prosecuting or defending this action. No person shall review or analyze any Source Code for purposes unrelated to this Action; nor may any person use any knowledge gained as a result of reviewing Source Code in this Action in any other pending or future dispute, proceeding, or litigation.

(o)     If a Producing Party wishes to waive or otherwise reduce the restrictions set forth above on the production of "HIGHLY CONFIDENTIAL - SOURCE CODE" Material, it may do so by agreement in writing with the Receiving Party. However, no action taken (or not taken) by the Producing Party shall be considered a waiver of any of the provisions or protections set forth herein relating to "HIGHLY CONFIDENTIAL - SOURCE CODE" Material absent written agreement between the Producing Party and the Receiving Party explicitly so stating. Nothing in this Protective Order shall be

20

deemed an admission by any Party that production of "HIGHLY CONFIDENTIAL -
SOURCE CODE" Material is necessary in this action or required by the Federal Rules of
Civil Procedure or the Local Rules of this Court. Nothing herein shall be deemed a
waiver of a Party's right to object to the production of SOURCE CODE. Absent a
subsequent and specific court order, nothing herein shall obligate a Party to breach any
non-party license agreement relating to such SOURCE CODE.

**7.5     Procedures for Approving Disclosure of "CONFIDENTIAL," "HIGHLY
CONFIDENTIAL ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL
- SOURCE CODE" Information or Items to "Outside Consultants"**

(a)      Unless otherwise ordered by the Court or agreed in writing by the Designating
Party, a Receiving Party that seeks to disclose to an "Outside Consultant" (as defined in
this Order) any Protected Material first must make a written request to the Designating
Party at least seven (7) calendar days before the first such disclosure that (1) states that
the Receiving Party seeks to disclose Protected Material to the Outside Consultant, (2)
identifies the Outside Consultant by setting forth the full name of the Outside Consultant
and the address of his or her primary business or residence, (3) attaches a copy of the
Outside Consultant's current resume or curriculum vitae, (4) identifies the Outside
Consultant's current employer(s), (5) identifies (by name, address, telephone number and
dates of service) each person or entity from whom the Outside Consultant has received
compensation for work in his or her areas of expertise or to whom the expert has
provided professional services at any time during the preceding five years, (6) identifies
(by name and number of the case, filing date, and location of court) any litigation in
connection with which the Outside Consultant has provided any professional services
during the preceding five years, and (7) describes the nature of any relationship
(including the purpose and length of relationship) that the Outside Consultant has or has
had with any Party to this Action.

21

(b)     A Receiving Party that makes a request and provides to the Designating Party the information specified in Section 7.5 (a) above may disclose Protected Material to the identified Outside Consultant unless, within seven (7) calendar days of making the request, the Receiving Party receives a written objection from the Designating Party. Any such objection must be made in good faith, for good cause, and set forth in detail the grounds on which it is based.

(c)     A Receiving Party that receives a timely written objection must meet and confer with the Designating Party to try to resolve the matter by agreement. If no agreement is reached within seven (7) calendar days of the service of the objection, the Party challenging the disclosure to the Outside Consultant may request a discovery conference. The Designating Party shall have the burden of proof by a preponderance of the evidence on the issue of the sufficiency of the objection(s). If the Party challenging the disclosure timely requests a discovery conference, Protected Material shall not be disclosed to the challenged individual until and unless a final ruling allowing such disclosure is made by this Court, or the Producing Party has consented in writing to the disclosure, whichever occurs first. If the Party challenging the disclosure fails to request a discovery conference within seven (7) calendar days of having met and conferred, the Receiving Party may disclose the Protected Material to the Outside Consultant. Disagreement by the Producing Party that the Outside Consultant is competent to render an admissible opinion in one or more of this Action is not a valid basis for refusing disclosure. Likewise, the disclosure of designated material to an Outside Consultant under the terms of this Order may not be used as evidence that the Producing Party acquiesced to the expertise or qualifications of the Outside Consultant.

## 8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

8.1     If a Receiving Party is served with a subpoena or an order issued in other

22

litigation that would compel disclosure of any information or items designated in this Action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE," the Receiving Party must so notify the Designating Party, in writing, promptly and in no event more than ten (10) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

8.2     The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena or order to issue.

8.3     The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this Action an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.** If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately

(a)     notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request that such person or persons execute the "Acknowledgment and Agreement to

23

Be Bound By Protective Order" that is attached hereto as Exhibit A.

**10. FILING PROTECTED MATERIAL.** Filings under seal should be made in accordance with the District of Delaware's Local Rules.

**11. DISCOVERY FROM OUTSIDE CONSULTANTS**

11.1 An expert who will testify in this Action, the Pace Action, or *TQ Delta v. ZyXel Communications Inc., et al.*, Case No. 1:13-cv-2013-RGA (D. Del.) (the "ZyXel Action") and who is used for any purpose other than an advice-of-counsel defense shall not be subject to discovery on any draft of his or her reports in this Action, the Pace Action, or the ZyXel Action that was written by the testifying expert or his or her staff and such draft reports, notes or outlines for draft reports developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery.

11.2 Discovery of materials provided to experts who will testify in this Action, the Pace Action, or the ZyXel Action used for any purpose other than an advice of counsel defense shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the expert in forming his or her final report, trial or deposition testimony or any opinion in this Action, the Pace Action, or the ZyXel Action. No discovery can be taken from any expert who will not testify in this Action, the Pace Action, or the ZyXel Action except to the extent that expert has provided information, opinions or other materials to an expert who will testify in this Action, the Pace Action, or the ZyXel Action and who is not used for an advice of counsel defense, and who then relies upon such information, opinions or other materials in forming his or her final report, trial or deposition testimony or any opinion in this Action, the Pace Action, or the ZyXel Action.

11.3 No conversations or communications between Counsel and any testifying or consulting expert used for any purpose other than an advice of counsel defense will be subject to discovery, unless such conversations or communications are actually relied upon by the expert in forming an opinion in one or more of this Action.

11.4    Materials, communications (including e-mail) and other information exempt from discovery under the foregoing paragraphs of this section shall be treated as attorney work product for the purposes of this Action and Protective Order.

**12.    COMMUNICATIONS BETWEEN PARTY AND COUNSEL.** The Parties agree that privileged or protected communications occurring on or after November 4, 2013, need not be recorded on the Party's privilege log.

**13.    PROSECUTION BAR.** No individual retained by [~~TQ Delta's position – "either Party"~~] [~~ZyXEL's position~~ – "Plaintiff"] (including in-house or outside counsel, and/or Outside Consultants) who has accessed any Producing Party's "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - SOURCE CODE" Material may, without consent of the Producing Party, engage in any Prosecution Activity (as defined below) involving claims relating to DSL technology (as defined in Section 7.4(m) above) during the pendency of this Action and for a period ending two (2) years after (i) the complete resolution of this Action through entry of a final non-appealable judgment or order for which appeal has been exhausted; (ii) the complete settlement of all claims against the Producing Party in this Action; or (iii) the individual person(s) cease to represent or be associated with the Receiving Party. For purposes of this section, "Prosecution Activity" shall mean the preparation or amendment of claims or advice or counseling regarding the preparation of claims or amendment of claims in any patent application or patent, either as part of an original prosecution in the United States or elsewhere, or as part of a reexamination, *inter partes* review, covered business method review or any other post-grant review proceeding in the United States or elsewhere. Notwithstanding this paragraph, an attorney subject to this section may forward to counsel participating in the types of proceedings described above any references identified by any defendant as prior art during the course of this Action and nothing in this section shall prevent any attorney from sending prior art to an attorney

25

involved in any prosecution for purposes of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor.

**14.    FINAL DISPOSITION.** Unless otherwise ordered or agreed in writing by the Producing Party, within 90 calendar days after the final termination of this Action, each Receiving Party must either destroy or return to the Producing Party all Protected Material it received. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. In lieu of returning to the Producing Party, counsel for a Receiving Party may destroy any Protected Material that is intertwined with attorney work product or privileged communications. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 90 calendar day deadline that verifies all the Protected Material was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, any destruction obligations under this Protective Order shall not apply to electronically-stored information in archival form stored on a Receiving Party's backup tapes or computer servers that are created only for disaster recovery purposes, provided that such electronic archives are not used as reference materials for a Receiving Party's business operations. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, expert reports, motion papers, deposition and hearing transcripts, legal memoranda, correspondence and attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION) above.

**15.    MISCELLANEOUS**

**15.1    Right to Further Relief.** Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. The Parties may by stipulation provide for exceptions to this Order, provided that such stipulation is presented to the Court as a Consent Order, and any Party may seek an order of this Court modifying or interpreting this Order.

**15.2    Right to Assert Other Objections.** By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order or from asserting that certain discovery materials should receive greater confidentiality protection than that provided herein, in accordance with Rule 26(c) of the Federal Rules of Civil Procedure. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

**15.3    Waiver of Notice.** Any of the notice requirements herein may be waived, in whole or in part, but only by a writing signed by Counsel for the Party against whom such waiver will be effective.

**15.4    Enforcement.** The United States District Court for the District of Delaware is responsible for the interpretation and enforcement of this Order. All disputes concerning Protected Material produced under the protection of this Order shall be resolved by this Court. In the event anyone shall violate or threaten to violate the terms of this Order, subject to meet and confer obligations in the Court's Local Rules, the aggrieved party may apply to obtain injunctive relief against any such person, and in such event, the respondent, subject to the terms of this Order, shall not employ as a defense thereto the claim that the aggrieved party possesses an adequate remedy at law. The parties and any other person subject to the terms of this Order agree that they will subject themselves to the jurisdiction of this Court for the purpose of any proceedings related to performance under, compliance with, or violation of this Order.

**15.5    No Waiver.** Nothing in this Order, or the taking of any action in accordance with the provisions of this Order, or the failure to object thereto, shall be construed as a waiver or admission of any claim or defense in this Action. The failure to object to a designation shall not constitute an admission by the Receiving Party that the designated information is in fact trade secret or proprietary information. This Order shall not in any way limit what a party may do or disclose with its own documents or information that do not discuss, cite, or reference the Protected Information of any other Party. Nothing in this Order shall be deemed to preclude a party from seeking and obtaining, on an appropriate showing, different or additional protections or relief regarding matter designated as containing "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE" information.

**15.6    Other Proceedings.** By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

**IS IT SO ORDERED.**

Date: _Oct. 6, 2014_

_Richard G. Andrews_

The Honorable Richard G. Andrews

28