

April 30, 2015

**VIA E-FILING**
The Honorable Richard G. Andrews
United States District Judge
J. Caleb Boggs Federal Building
844 N. King Street
Unit 9, Room 6325
Wilmington, DE 19801-3555

   Re: **TQ Delta, LLC v. ZyXEL Communications, Inc., et al.,**
      **C.A. No. 13-cv-2013-RGA**

Dear Judge Andrews:

  **Overview.** TQ Delta respectfully submits this letter in advance of the status hearing set for May 5, 2015 to update the Court on the status of this case and suggested next steps to move this case forward. As to the status of the case, ZyXEL requested 90 days at the last hearing to supplement its interrogatory answers relating to infringement, yet ZyXEL failed to provide *any* basis for its assertion of non-infringement, much less the type of substantive response called for by TQ Delta's interrogatories and the Court's order.[1] As to the next steps, TQ Delta suggests the following:

(1) The Court should order that ZyXEL has waived the right to raise non-infringement defenses.

(2) ZyXEL must provide its invalidity contentions pursuant to Paragraph 4(d) of the Default Standard within 30 days.

(3) The parties attempt to agree on representative products and claims; and

(4) TQ Delta proceeds with party deposition discovery (following certifications of compliance), and third party discovery as deemed necessary.

  **ZyXEL's Refusal To Answer TQ Delta's Interrogatories.** At the January 5, 2015 Status Conference, the parties debated the most appropriate way to narrow the related cases. TQ Delta requested that the Defendants (including ZyXEL) provide substantive interrogatory responses disclosing their non-infringement contentions, including an explanation of (1) whether the accused products implement the portions of the standards identified in TQ Delta's Initial Claim Charts, and (2) whether the claim limitations cover the corresponding portions of the standards identified in TQ Delta's Initial Claim Charts. In ordering that ZyXEL provide precisely such information, the Court stated as follows:

---

[1] Pursuant to Local Rule 7.1.1, counsel for TQ Delta made a reasonable effort to reach agreement with the opposing party on the matters set forth herein.

919 N. MARKET STREET, 12TH FLOOR, WILMINGTON, DE 19801
PHONE: (302) 777-0300 • FAX: (302) 777-0301 • WWW.FARNANLAW.COM

> THE COURT: All right. I'm inclined to think that **it's appropriate for the plaintiffs to have asked**, assuming that it is asking in the interrogatories as I think it is, **for such non-infringement positions as the defendants currently have, and for such knowledge that the defendants have as to whether their products implement the standards, or the limitations, that are part of the standards**.
>
> And, so, **to the extent that interrogatories addressing those subjects haven't been answered, because of their being premature, or requiring expert input that the defendants don't have, they should be supplemented to provide whatever corporate knowledge the defendants do have**. . . .

January 5, 2015 Hearing Tr., at 49:20—50:7 (emphasis added). Indicating that it understood the substantive and detailed nature of the information that the Court was ordering it to provide, ZyXEL requested 30 days longer than Defendant 2Wire, a full 90 days, to provide its supplemental responses. *Id.* at 51:8-11 ([Counsel for ZyXEL]: "Your Honor, we've had all -- I think all 32 patents asserted against us, so we ask for 90 days.").

Well over a year ago, ZyXEL, uniformly *and without qualification*, denied infringement of all asserted patents. *E.g.*, D.I. 7 at ¶¶ 22-24; D.I. 19 at ¶¶ 22-24. The Court's Order required ZyXEL to identify and explain the bases for such denial to the extent it had any. But, after 90 days, ZyXEL effectively restated its original non-answers with the omissions of the objections about the interrogatories being premature. For example, TQ Delta's Interrogatory No. 2 requests the following information:

> For each Accused Product, state and explain with particularity each reason why Defendant contends that such Accused Product does not infringe each of TQ Delta's Patents-in-Suit that are identified in TQ Delta's Initial Claim Charts (and any supplement thereto).

ZyXEL's Second Supplemental Objections And Responses To TQ Delta's First Set Of Interrogatories. ZyXEL's supplemental response states:

> Subject to and without waiving the foregoing objections, and as ZyXEL understands this Interrogatory, ZyXEL responds that it does not currently have sufficient knowledge as to whether the Accused Products infringe because ZyXEL does not design or manufacture the chipsets related to the patents in suit and only has knowledge that the chipsets are in compliance with the ADSL2, ADSL2+, or VDSL2 standards according to the assertions of the chipset supplier. TQ Delta admits in its Initial Claim Charts that "some elements of a claim may be required to implement a cited standard section while other elements of a claim may not be required to implement the standard," and therefore, based on ZyXEL's current knowledge and belief; the Accused Products do not infringe the patents in suit. Also, the standards contain recommendations for which ZyXEL does not have sufficient knowledge regarding their existence in the Accused Products, because ZyXEL does not design or manufacture the chips.

*Id.* at p. 11.

ZyXEL similarly failed to provide any substantive answer to TQ Delta's Interrogatory No. 3, which seeks an explanation for whether the Accused Products implement the portions of the DSL standards identified by TQ Delta in its Initial Claim Charts. *See id.* Again, despite ZyXEL's unqualified denial of infringement in the pleadings, ZyXEL cited to a lack of sufficient information and refused to provide any substantive response. *Id.* at p. 13.

TQ Delta's Interrogatory No. 4 asked ZyXEL to explain whether each asserted claim is essential to a DSL standard and the reasons why a claim is, or is not, essential. *Id.* Even if it were true that ZyXEL has no knowledge about the operation of its own products, this interrogatory does not require such knowledge. Rather, the answer would be based on the asserted claims and portions of publicly-available standards documents, which TQ Delta has identified with particularity in its Initial Claim Charts. Nevertheless, ZyXEL again refused to provide an answer. *Id.* at pp. 13-15.

ZyXEL's disregard for the Court's Order and non-answers demonstrate that it had, and has, no foundation for denying infringement. Additionally, ZyXEL has demonstrated that it had, and has, no foundation for having pled that TQ Delta breached a FRAND obligation to the ITU – which, as a fundamental basis, requires proof by ZyXEL that it implements the standards at issue and that the asserted claims are standard-essential. ZyXEL's responses violate the Court's Order and are, unfortunately, consistent with ZyXEL's refusal to negotiate with TQ Delta in good faith since prior to TQ Delta filing its Complaint.

A primary purpose of the January 5, 2015 Order was to facilitate narrowing the disputed issues in the case. Instead of complying with the Order, ZyXEL delayed an additional 90 days (nearly six months after TQ Delta's interrogatories were served) to provide responses that only serve to show that it had (and still has) no basis in its denials of infringement.

**Next Steps.** In view of the waste of party and judicial resources caused by ZyXEL's delay, TQ Delta respectfully submits that ZyXEL has waived the right to assert non-infringement defenses. Further, depending on the Court's guidance, TQ Delta may seek leave to file a Motion for Summary Judgment of Infringement. In addition, TQ Delta submits that Defendants (including ZyXEL) should be required to serve their Paragraph 4(d) invalidity contentions within 30 days. TQ Delta also proposes that the parties be given 30 days to arrive at a set of representative products and claims and then to report back to the Court.

Respectfully submitted,

/s/ Brian E. Farnan

Brian E. Farnan

cc: Counsel of Record (via E-Filing)