# SEITZ, VAN OGTROP & GREEN, P.A.
### ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE, SUITE 1500
POST OFFICE BOX 68
WILMINGTON, DELAWARE 19899

BERNARD A. VAN OGTROP
GEORGE H. SEITZ, III
JAMES S. GREEN
R. KARL HILL
KEVIN A. GUERKE
JARED T. GREEN

Writer's Direct Dial:  (302) 888-7603
Writer's E-Mail Address:  jgreen@svglaw.com
www.svglaw.com

(302) 888-0600
FAX: (302) 888-0606

April 30, 2015

**VIA E-FILING (CM/ECF)**

The Honorable Richard G. Andrews
J. Caleb Boggs Federal Building
844 N. King Street
Unit 9
Room 6325
Wilmington, DE 19801-3555

Re:   *TQ Delta LLC v. Zhone Technologies., Inc.*, Case No. 13-cv-1836-RGA;
      *TQ Delta LLC v. 2Wire Inc.*, Case No. 13-cv-1835-RGA; and
      *TQ Delta LLC v. ZyXEL Communications, Inc.*, Case No. 13-cv-2013-RGA

Dear Judge Andrews:

Defendants Zhone Technologies, Inc., 2Wire, Inc., and ZyXEL Communications, Inc. submit this joint letter summarizing the current status of this litigation and proposing a reasonable approach to further narrowing the scope of these three related cases.

**I.       TQ Delta Now Has the Information It Needs To Reasonably Narrow the Case**

TQ Delta is asserting 64 claims in 32 patents against Zhone and ZyXEL, and 43 claims of 24 patents against 2Wire. For each defendant, TQ Delta accuses approximately 100 products of infringement. The Delaware Default Standard for Discovery required TQ Delta to produce infringement charts "relating each accused product to the asserted claims each product allegedly infringes." Instead of complying with that standard, TQ Delta produced charts relating each claim to portions of one or more purported industry standards and alleging that the defendants' products infringe simply because they are marketed as complying with the standards generally. TQ Delta's infringement charts made no reference to any of the defendants' accused products.

Beginning in June 2014, the defendants produced "core technical documents" as required by the Default Standard. Over the following months, each of the defendants produced additional documents in response to various demands by TQ Delta for information beyond that required by the Default Standard.

Each of the defendants has repeatedly told TQ Delta that it purchases the DSL chips that provide the accused functionality from third party vendors (i.e., DSL chip manufacturers like

The Honorable Richard G. Andrews
April 30, 2015
Page 2 of 5

Broadcom). The defendants have told TQ Delta that those third party vendors would likely have the most relevant core technical documents. At the September 12, 2014 Scheduling Conference, TQ Delta asked the Court's permission to conduct discovery of these third party vendors. The Court granted TQ Delta's request; however, TQ Delta chose not to seek any third party discovery.

At the September 12, 2014 Scheduling Conference, the Court also permitted TQ Delta to seek discovery from the defendants on infringement and to obtain summary damages information – both in order to permit TQ Delta to further narrow its case to fewer patent claims and fewer accused products. TQ Delta took that discovery in the fall of 2014.

At the September 12, 2014 Scheduling Conference, the Court also permitted TQ Delta to seek discovery from the defendants on infringement and to obtain summary damages information – both in order to permit TQ Delta to further narrow its case to fewer patent claims and fewer accused products. TQ Delta took that discovery in the fall of 2014. There are no pending disputes with the defendants' responses to that discovery (other than TQ Delta's disagreement with ZyXEL over whether the Court later ordered the defendants to provide "non-infringement charts" as opposed to their non-infringement positions without regard to the particular form).

In advance of the next Scheduling Conference, which was held on January 5, 2015, TQ Delta insisted that the defendants provide specific lists of DSL chips used in each of the accused products and the vendors that supply them. Each defendant provided exactly what TQ Delta requested, and there are no outstanding disputes regarding the sufficiency of the defendants' production of this information. (Zhone had provided this information in the form of bills-of-materials in July-August 2014. Nevertheless, Zhone provided the specific list that TQ Delta requested.)

At the January 5, 2015 Scheduling Conference, the Court ordered the defendants to provide supplemental discovery responses setting out their non-infringement positions to permit TQ Delta to narrow the scope of this case. TQ Delta's counsel recognized that supplemental responses setting out non-infringement positions "would serve to narrow the case." Hrg. Tr. (Jan. 5, 2015 Status Conf.) at 43:14-15. On March 20 and April 6, the defendants provided discovery responses specifically stating their non-infringement positions. The responses of each defendant are briefly discussed:

Zhone:  On April 6, 2015, Zhone served supplemental interrogatory responses and 63 non-infringement charts specifically identifying its non-infringement position on an element-by-element basis for each of the asserted claims. (One of Zhone's charts is attached for the Court's reference. Certain confidential information regarding accused Zhone products is redacted.) In its charts, Zhone explained both deficiencies in TQ Delta's effort to map its claims on various industry standards and optional recommendations, and stated relevant facts known to Zhone and where appropriate stated its lack of any knowledge. These charts again confirm that much of the relevant information relating to TQ Delta's allegations is with third party vendors – not with Zhone. TQ Delta has not raised any substantive issues with Zhone's non-infringement charts.

The Honorable Richard G. Andrews
April 30, 2015
Page 3 of 5

  2Wire: On March 20, 2015, 2Wire served supplemental interrogatory responses and 51 non-infringement charts that are directly responsive to the 51 infringement claim charts served by TQ Delta on 2Wire. 2Wire addressed each asserted claim on an element-by-element basis. (An illustrative example of 2Wire's 51 non-infringement charts is attached for the Court's reference). Similarly to Zhone, 2Wire's non-infringement claim charts address both the deficiencies with TQ Delta's attempt to read the asserted claims on the standards and also provide all other non-infringement information belonging to 2Wire.

  ZyXEL: On April 6, 2015, ZyXEL served supplemental interrogatory responses, including stating its lack of any knowledge with respect to functionality provided by third-party chip vendors. ZyXEL did not understand the Court's orders in the January 5, 2015 to require supplemental responses in the form of claim charts stating non-infringement positions on an element by element basis, sometimes referred to as "non-infringement contentions."

  In sum, each defendant has now provided (1) summary damages information, (2) core technical documentation regarding the accused products, (3) an identification of the third party DSL chips used in the accused products, and (4) supplemental interrogatory responses, as ordered by the Court at the January 5, 2015 Scheduling Conference, providing each defendants' non-infringement position and supporting information . And, notwithstanding TQ Delta's clear knowledge for almost a year that the third-party DSL chip vendors are the most likely source for detailed technical information regarding the accused products, to this day TQ Delta has not served a single subpoena on any chip vendor. Thus, any argument by TQ Delta that it needs additional information from the defendants or any third parties should be rejected out of hand.

II. **The Case Should Now Be Reasonably Narrowed**

  Though filed nearly 18 months ago, this case is still unmanageable with 32 patents asserted against more than 100 accused products (in the Zhone and ZyXEL matters). TQ Delta has all of the information it needs to further narrow its case. The defendants propose the following approach:

  •  Narrow the asserted claims: The defendants' supplemental discovery responses and non-infringement charts make clear that there are many asserted patent claims where TQ Delta has no evidence or viable theory of infringement. TQ Delta has had more than seven months to conduct infringement discovery, and it now has the defendants' non-infringement positions. Thus, TQ Delta has the information it needs (or has had months to obtain such information) to select a reasonable number of asserted patent claims. The defendants suggest 12 claims. That would permit TQ Delta to assert at least 1 claim for each of the 9 patent families in the Zhone and ZyXEL cases and 2 claims for each of the 6 patent families in the 2Wire case. This narrowing is reasonable, would not prejudice TQ Delta, and is well within the Court's discretion. *See In re Katz Interactive Call Processing Patent Litigation*, 639 F.3d 1303, 1311 (Fed. Cir. 2011) (upholding district court's procedure to limit asserted claims); *Stamps.com Inc. v. Endicia, Inc.*, 437 Fed. Appx. 897, 902-03 (Fed. Cir. 2011) (same); *Masimo Corp. v. Philips Electronics North America Corp.*, 918 F. Supp. 2d 277, 286 (D. Del. 2013) (limiting, over plaintiff's opposition, the number of asserted claims).

The Honorable Richard G. Andrews
April 30, 2015
Page 4 of 5

- <u>Choose representative accused products</u>: The defendants' supplemental discovery responses and non-infringement charts also confirm that there are numerous accused products that should not be in this case. TQ Delta also has summary damages information intended to allow it to narrow the list of accused products. (By way of example only, several of the accused 2Wire products were never sold). TQ Delta has the information necessary to select representative accused products. For instance, TQ Delta can see that many accused products use the same model DSL chip, so it can select one of those products to represent all with that chip. Indeed, TQ Delta can see that certain chips are common to products in all three of the cases and can use that information to make its selections. The defendants suggest that for each asserted claim, TQ Delta select no more than 5 representative products per defendant and provide each defendant with a list specifically identifying those products and every other accused product that is represented by each.

- <u>Rule-compliant infringement claim charts</u>: Once TQ Delta has reasonably narrowed its case, it should be required to provide claim charts that comply with the Default Standard and show – for each asserted claim – how each element of each asserted claim is found in or practiced by each representative accused product and the evidence supporting its accusations.

The defendants' proposed approach will reasonably narrow this case without prejudicing TQ Delta or requiring anything more of it than is required in any other patent infringement case. Then, once the case is narrowed and TQ Delta has provided compliant infringement contentions, the parties will be in a position to proceed to invalidity contentions and claim construction.

Respectfully submitted,

/s/ *James S. Green, Sr.*

James S. Green, Sr. (DE0481)
*Attorneys for Zhone Technologies, Inc.*

MORGAN LEWIS & BOCKIUS LLP

/s/ Colm F. Connolly
Colm F. Connolly (DE3151)
The Nemours Building
1007 North Orange Street, Suite 501
Wilmington, DE 19801
*Attorneys for 2Wire Local Counsel*

The Honorable Richard G. Andrews
April 30, 2015
Page 5 of 5

                         MORRIS JAMES LLP

                         /s/ Kenneth L. Dorsney
                         Kenneth L. Dorsney (DE3726)
                         500 Delaware Avenue, Suite 1500
                         P.O. Box 2306
                         Wilmington, DE 19899-2306
                         *Attorneys for ZyXEL Communications, Inc.*

JSG/sp
Enc.

cc:    Clerk of the Court (Via E-Filing (CM/ECF))
       Counsel of Record (Via E-Filing (CM/ECF))