

Christine D. Haynes
302-651-7508
Haynes@rlf.com

August 26, 2015

**VIA CM/ECF E-FILING**

The Honorable Richard G. Andrews
United States District Court
844 North King Street
Unit 9, Room 6325
Wilmington, DE 19801

  Re: *TQ Delta, LLC v. Zyxel Communications, Inc., et al.*, C.A. No. 13-2013-RGA

Dear Judge Andrews:

  I write on behalf of Broadcom Corporation ("Broadcom") in response to Plaintiff TQ Delta, LLC's ("TQ Delta") August 25, 2015 letter brief. For clarity, Broadcom is ***not*** a party to this action, nor has Broadcom received a Rule 45 subpoena from any party. Broadcom is specially appearing here for the limited and sole purpose of protecting its highly confidential technical documents and ensuring that the procedures of Federal Rule of Civil Procedure 45—with all of their protections for nonparties such as Broadcom—be respected.

  This dispute relates to Broadcom documents that are admittedly not in Defendants' "possession" or "custody," but which TQ Delta says are in their "control."[1] TQ Delta is wrong.

  Broadcom maintains a secure, online repository of its (*i.e.*, ***Broadcom's***, not its customers') highly confidential technical documentation. The documents on this site are created by Broadcom engineers, describe Broadcom products, and are maintained on Broadcom's servers by Broadcom's IT personnel. Certain Broadcom customers (including Defendants Zhone, Zyxel, and 2Wire) are given varying levels of password-protected access to the repository, with the access to be used for engineering purposes only. Contrary to TQ Delta's

---

[1] For clarity, to the extent that any Defendant has downloaded Broadcom documents in the past for authorized engineering purposes, such that those documents are now in Defendants' possession, those documents are ***not*** the subject of this dispute, as Broadcom understands it. In every instance where Broadcom has been notified by Defendants that they wished to produce Broadcom confidential documents already in Defendants' possession, Broadcom has promptly reviewed the documents in question and given consent to the proposed production (subject to appropriate protective order agreements). The dispute here instead relates to TQ Delta's request that Defendants use their secure access to Broadcom's system to procure an additional unknown number and type of Broadcom documents without Broadcom's permission. This situation is thus distinct from the motion relating to Lantiq documents that the Court previously considered (D.I. 57) and from the situation that TQ Delta attempts to suggest exists here.

The Honorable Richard G. Andrews
August 26, 2015
Page 2

assertion, documents cannot be downloaded by customers at "whim," and no customer is authorized to use its secure access to obtain Broadcom documents for use in litigation without Broadcom's permission (and this is true regardless of whether those documents are helpful for the customer or not). Critically, Broadcom retains the right to suspend or revoke a customer's access to this online repository at any time and for any reason, and customers have no contractual right to maintain their access.

TQ Delta has never served a subpoena on Broadcom. TQ Delta has never even contacted Broadcom informally to discuss the scope of any document request. If Broadcom was to receive a subpoena in these cases, Rule 45 would protect Broadcom from overbroad requests for irrelevant documentation (including fishing expeditions), as well as harassing and/or burdensome requests. And, because Broadcom is a California corporation headquartered in Irvine, that rule would require that disputes about any subpoena be heard by the Central District of California.

Ignoring these protections for Broadcom, TQ Delta seeks an order from this Court compelling Defendants (not Broadcom) to download and produce an uncertain universe of confidential Broadcom documents. TQ Delta's request should be denied both because the documents in question are not in Defendants' possession, custody, or control, and because Broadcom is entitled to the protections of Rule 45. What TQ Delta asks is little different than if it were to request that the Court order Defendants to trespass at a Broadcom office building that they had previously visited as guests and steal boxes of documents. TQ Delta's request stretches far beyond what Rule 34 or Rule 45 of the Federal Rules of Civil Procedure permits.

TQ Delta, which has the burden of proving that the Defendants control Broadcom's documents, has not cited any relevant authority to support its claim that Rule 34 requires a party to produce nonparty documents that it does not have, just because that party might be able to obtain them from a nonparty *without permission*. This Court has held exactly the opposite.

For example, in *Novartis Pharm. Corp. v. Eon Labs Mfg., Inc.*, this Court denied the plaintiff's motion to compel the defendant to produce third-party Hexal's technical information, even though the defendant had a contractual right "to use Hexal's technical information . . . in developing products for sale in the United States." 206 F.R.D. 392, 394-95 (D. Del. 2002) (Farnan, J.). That did not mean, however, that the defendant "controlled" the documents. Instead, the Court reasoned that a party only "controls" a non-party's documents for purposes of Rule 34 where their "respective business operations . . . 'are so intertwined as to render meaningless their separate corporate identities.'" *Id.* TQ Delta has not, and cannot, credibly argue that Defendants' and Broadcom's businesses are "so intertwined as to render meaningless their separate corporate identities." Instead, Broadcom and each of Zhone, 2Wire, and Zyxel are related only by their relationship as supplier and customer.

Similarly, in *Inline Connection Corp. v. AOL Time Warner, Inc.*, this Court expressly considered and rejected the plaintiff's argument that the District of Delaware should follow the Second Circuit's rule that a party has "control" of documents so long as it has the "practical ability" to produce them. No. 02-272, 02-477, 2006 WL 2864586, at *2 (D. Del. Oct. 5, 2006) (Thynge, M.J.). Instead, the Court confirmed that the District of Delaware (and the Third Circuit, more generally) defines "control" for purposes of document discovery as "the ***legal right***

to obtain the documents requested on demand." *Id.* at *2 (emphasis added). The Court, after noting that the party who seeks the discovery has the burden of proving control, further elaborated that "a contract provision which merely authorizes the party litigant's access to information that is in the possession of a non-party, without more, is insufficient to establish legal control in the Third Circuit." *Id.* at *4. Here, Defendants do ***not*** have the legal right to obtain any documents from Broadcom, or even a contractual right to continued access to Broadcom's secure document repository. Simply put, Defendants do not "control" Broadcom's documents or online document repository or access to that repository.

The primary case cited by TQ Delta in its letter, *Mercy Catholic Med. Ctr. v. Thompson*, 380 F.3d 142, 160 (3d Cir. 2004), addressed whether a party must produce documents of its agent—a totally different situation than here, where TQ Delta asks Defendants to produce documents of a third party unrelated to them. Unsurprisingly, Judge Thynge drew exactly this distinction in *Inline Connection* when denying a motion to compel, stating, "Inline cites to the language in the Third Circuit's opinion in *Mercy Catholic []*, as support for its position that the 'practical ability' to obtain documents is the same as legal control…. *Mercy Catholic* examined a party's control over documents specifically in the context of the principal-agent relationship. It did not address the issue of document production as between two independent corporations who conduct business at arms-length, as is the case [here]." 2006 WL 2864586, at *1.

Similarly, the other case cited by TQ Delta—an unpublished New Jersey case—stands only for the proposition that an insurance company has control of documents possessed by its agents where the contracts between insurance company and the agents "***clearly require*** [the insurance company's] agents to make their documents available to [the insurance company] upon request." *Haskins v. First Amer. Title Ins. Co.*, No. CIV. 10-5044 RMB/JS, 2012 WL 5183908, at *2 (D.N.J. Oct. 18, 2012). That is hardly the situation here, where Broadcom is not required to make any documents available to Defendants.

Federal Rule 45 provides the mechanism for TQ Delta to seek Broadcom's documents and, importantly, protects Broadcom's right to control the production of its own documents. Even circuits that take a more liberal approach to "control" than the Third Circuit (*e.g*, that a "practical ability" to obtain documents constitutes "control"), such as the Second Circuit, still unequivocally hold that control will not be found when the compulsory process of Rule 45 is available to a party seeking nonparty documents. *E.g., Nosal v. Granite Park LLC*, 269 F.R.D. 284, 290 (S.D.N.Y. 2010).

Broadcom should be given the opportunity to know the products on which TQ Delta seeks discovery, to object to that list of products and/or the types of information sought about them, to negotiate the protective order protections appropriate for those documents and Broadcom, and to raise any disputes in its home court in California.

TQ Delta's request ignores Broadcom's rights, instead seeking what amounts to unauthorized *ex parte* third-party discovery. The rules do not provide for such a process. Broadcom therefore respectfully requests that the Court deny TQ Delta's request.

The Honorable Richard G. Andrews
August 26, 2015
Page 4

                                          Respectfully,

                                          */s/ Christine D. Haynes*

                                          Christine D. Haynes (#4697)

/kdm

cc:    Counsel of Record (via CM/ECF)

RLF1 12888436v.1