

June 13, 2016

<u>Via E-File</u>
The Honorable Richard G. Andrews
USDC for the District of Delaware
844 North King Street, Unit 9, Room 6325
Wilmington, DE 19801

    Re:    <u>*TO Delta, LLC v. ZyXEL Communications, Inc., et al.,*
               C.A. No. 13-cv-2013-RGA</u>

Dear Judge Andrews:

       I write on behalf of TQ Delta with respect to a rather straightforward discovery dispute with ZyXEL.

       ZyXEL refuses to produce two sample Accused Products to TQ Delta for the purpose of testing despite the fact that TQ Delta has requested the products, the products are Accused Products, and TQ Delta agreed to pay for the products. According to ZyXEL's counsel, ZyXEL's refusal to produce the unquestionably relevant and responsive products is predicated on a belief that the Court somehow stayed any discovery relating to products that contain Broadcom chips in view of Broadcom and TQ Delta's pending motions regarding Broadcom's allegations of an ethical conflict. ZyXEL's position is untenable because, simply, the Court has not ordered *any* stay of the proceedings and certainly not a stay of discovery from *parties* to the case. ZyXEL's refusal to provide the products for testing will hinder TQ Delta's testing efforts, which have been necessitated in part by ZyXEL's refusal to acknowledge that its products practice the DSL standards with which ZyXEL's marketing literature claims they comply.

<u>The Requested Products</u>

       TQ Delta specifically identified ZyXEL's products with model numbers ALC1248G-51 and VLC1324G-51 as Accused Products on April 25, 2014.[1] ZyXEL has not disputed this fact. On October 14, 2014, TQ Delta served ZyXEL with its First Set Of Requests For Production Of Documents And Things, which included the following request:

> One physical sample of each Accused Product, as packaged and marketed in the United States, in its as-sold packaging and with all printed collateral and auxiliary devices normally included with a sale.

Document Request No. 21. Further, in an email to ZyXEL's counsel dated June 3, 2016, TQ Delta's counsel specifically requested that ZyXEL provide a physical sample of ZyXEL's ALC1248G-51 and VLC1324G-51 products. The parties followed this same protocol for ZyXEL's production of other Accused Products in the past, with TQ Delta identifying specific

---

[1] On that date, TQ Delta served ZyXEL with Plaintiff TQ Delta's Identification Of Accused Products And Asserted Patents, including and identification of ALC1248G-51 and VLC1324G-51.

ZyXEL products that are not available for sale to the general public, and ZyXEL providing the requested products to TQ Delta.[2]

The products are unquestionably relevant to the lawsuit, well within the scope of infringement-related discovery, and specifically responsive to TQ Delta's document request and follow-up email request.

ZyXEL's Refusal

The basis for ZyXEL's refusal is as follows: "We do not believe ZyXEL is required to produce additional samples or documents until Broadcom's motion to disqualify your firm has been decided. We will revisit this request, if necessary, after the Court decides that motion." ZyXEL's refusal to provide this highly relevant discovery is contrary to the Scheduling Order, to the Federal Rules of Civil Procedure, and runs contrary to ZyXEL's (and the other DSL defendants') demands that TQ Delta prove infringement, in part, by testing the Accused Products.

TQ Delta hereby respectfully requests that the Court compel ZyXEL to produce the requested sample products.

Respectfully submitted,

/s/ Michael J. Farnan

Michael J. Farnan

cc: Counsel of Record (via E-File)

---

[2] Some ZyXEL products such as ZyXEL's customer premises equipment ("CPE") products are available from third-party commercial sources, whereas its central office ("CO") products are only available directly from ZyXEL.