# Morris James LLP

Kenneth L. Dorsney
302.888.6855
kdorsney@morrisjames.com

June 14, 2016

**VIA E-FILING & HAND DELIVERY**
The Honorable Richard G. Andrews
United States District Judge
J. Caleb Boggs Federal Building
844 N. King Street
Unit 9, Room 6325
Wilmington, DE  19801-3555

   Re: *TQ Delta, LLC v. ZyXEL Communications, Inc., et al.*
     **(C.A. No. 13-2013-RGA)**

Dear Judge Andrews:

  We write on behalf of defendant ZyXEL in response to TQ Delta's counsel's June 13, 2016 discovery dispute letter concerning TQ Delta's request for physical samples of two of ZyXEL's accused products, in advance of the hearing scheduled for June 15 at 2:00 p.m.

  At a status conference on October 20, 2015, the Court instructed TQ Delta to "[d]o your subpoenas, do whatever discovery you need from these chip suppliers to get that out on the table, and do at least one chart for each chip that you want to have remain in the case." *Id*. at 47:8-11. Subsequently, at the March 3, 2016 status conference, the Court set a "soft" deadline of 120 days for TQ Delta to provide supplemental infringement contentions.

  On January 26, 2016, TQ Delta filed a motion titled "Motion for Clarification Regarding Allegations of a Law Firm Conflict of Interest," with supporting papers filed under seal, seeking an order stating that the McAndrews firm may continue to represent TQ Delta in these cases, adverse to its former client, Broadcom.  On February 19, 2016, Broadcom filed a cross motion to disqualify TQ Delta's counsel, a combined answering brief in opposition to TQ Delta's motion and opening brief in support of its motion to disqualify, and supporting declarations.  The motions concerning whether the McAndrews firm may continue its representation of TQ Delta in this action, after formerly representing Broadcom with respect to DSL patents, are briefed and pending the Court's decision.

  As described in TQ Delta's letter, on June 3, TQ Delta's counsel requested physical samples of ZyXEL's ALC1248G-51 and VLC1324G-51 products.  Both of these products contain Broadcom's DSL chips, as set out in ZyXEL's supplemental responses to TQ Delta's Interrogatory No. 7.  TQ Delta has previously requested physical samples of certain of ZyXEL's accused products, and ZyXEL has provided such samples, when available, at no cost to TQ Delta.  While the issue of whether the McAndrews firm is conflicted from representing TQ Delta alleging that DSL products containing Broadcom chips infringe its patents remains undecided, we do not believe ZyXEL is required to produce additional product samples, especially samples of DSL products that contain Broadcom's DSL chips.

The Honorable Richard G. Andrews
June 14, 2016
Page 2



      ZyXEL has not refused to *ever* provide samples of the two products at issue. On the contrary, ZyXEL agreed to revisit the request, if necessary, after the Court decides Broadcom's pending motion for disqualification. On June 7, 2016, TQ Delta asked each defendant to agree to a 60-day extension, addition to the 120 days allowed by the Court, to provide its final infringement contentions. On June 8, 2016, counsel for the parties conferred by phone about this discovery dispute. Counsel for ZyXEL explained that we understand that further infringement discovery from defendants is essentially on hold while Broadcom's motion to disqualify is pending, and infringement discovery into products containing Broadcom's chips is inappropriate at this time given the purported conflict of interest. TQ Delta accused these two products long ago, but has never asked for physical samples until now. Now that Broadcom has raised the conflict issue and sought disqualification, however, ZyXEL is taking a conservative approach so that if Broadcom is correct that the McAndrews firm is conflicted, no additional harm of the kind alleged by Broadcom will be inflicted while its motion is pending. If the Court concludes that no conflict exists and denies Broadcom's motion, TQ Delta can renew its request for physical samples of these two products and analyze those samples as part of its analysis for its final infringement contentions.

      On June 9, ZyXEL agreed to the requested sixty-day extension and understands that the other defendants did so as well. With the extension, TQ Delta need not provide final infringement contentions until early September. Therefore, there is no practical reason to compel ZyXEL to provide physical samples of the ALC1248G-51 and VLC1324G-51 products at this time. The need for this discovery is not urgent at this time, so a short delay will not compromise the schedule or prejudice TQ Delta.

      Respectfully,

      */s/ Kenneth L. Dorsney*

      Kenneth L. Dorsney (#3726)

cc: all counsel of record via e-filing