

Kenneth L. Dorsney
302.888.6855
kdorsney@morrisjames.com

December 14, 2017

**VIA EFILING AND HAND DELIVERY**
The Honorable Richard G. Andrews
USDC for the District of Delaware
844 North King Street, Unit 9, Room 6325
Wilmington, DE  19801

Re:   *TQ Delta, LLC v. ZyXEL Communications, Inc. et al.* (C.A. No. 13-2013-RGA)

Dear Judge Andrews:

Defendants ZyXEL Communications, Inc. and ZyXEL Communications Corp. (collectively, "ZyXEL") respectfully submit this letter addressing the pending scheduling matters raised in the joint proposed scheduling order filed on December 13, 2017.

**Amendment of Pleadings - ¶ 3**:  ZyXEL met and conferred with TQ Delta regarding ZyXEL's intention to add a new counterclaim to the present case arising from TQ Delta's U.K. complaint, rather than file a new case.  The current discovery cutoff for ZyXEL is April 18, 2018, and a related preliminary injunction motion is already before Your Honor.  ZyXEL believes that that resolving the contemplated counterclaim concurrent with resolution of the pending claims and counterclaims would be substantially more efficient than bringing a separate case because the contemplated counterclaim relates to TQ Delta's improper licensing practices relating to the patents-in-suit, an issue that is already before this Court.

**Final Infringement Contentions - ¶ 5**:  TQ Delta's proposal for its Final Infringement Contentions provides *six different deadlines* for *six unique groupings* of patent families against the *three* Defendants.  TQ Delta's proposal also has it providing Final Infringement Contentions for Families 1-6 and 9 Patents *after the discovery cutoff* for ZyXEL.  Notably, this will be the *first time* that ZyXEL will receive claim charts citing or reflecting the contents of the recently-produced confidential Broadcom documents describing the operation and design of the relevant chipsets in the accused products.  In other words, ZyXEL will not receive notice of the evidence that TQ Delta intends to use against it to prove its case for seven out of the nine patent families until after the discovery cutoff.  This is highly prejudicial to ZyXEL, and is the exact opposite of how discovery in a patent case should be staged.  In contrast, the Defendants' proposal provides simple and straightforward deadlines that accord with the traditional order of discovery in patent cases.

TQ Delta's proposal also makes the process of deposing Broadcom witnesses an absolute mess.  Under TQ Delta's proposal, ZyXEL would not receive Final Infringement Contentions for Family 1-6 and 9 patents until May 18, 2018, which is not only after the discovery cutoff for

The Honorable Richard G. Andrews
December 14, 2017
Page 2

2Wire and ZyXEL, but is also after numerous expert report deadlines have passed for these families.  This means that either (a) ZyXEL has to participate in a deposition of a Broadcom witness without infringement contentions against its Broadcom chips, or (b) ZyXEL will need to take the deposition again after it receives the relevant infringement contentions.  Either way will necessarily result in either prejudice to the Defendants or an undue burden being placed on Broadcom, which is not a party to this case.

      TQ Delta should be required to provide full and Final Infringement Contentions for all families asserted against ZyXEL before the discovery cutoff date of April 18, 2018.  If TQ Delta is unable or unwilling to do that, then the discovery cutoff, expert discovery cutoff, and trial dates against ZyXEL all need to be moved.  This is a problem of TQ Delta's own making, and ZyXEL should not be penalized because of TQ Delta's decisions.  TQ Delta—not ZyXEL—elected to assert 32 patents against ZyXEL in a single case, and cannot now complain that it "bit off more than it can chew."  TQ Delta has had ample time to secure the necessary discovery from Broadcom, and has only itself to blame if it is not in a position to provide this information to ZyXEL.

      With respect to TQ Delta's surprise request regarding the Final Invalidity Contentions, ZyXEL joins 2Wire's letter (D.I. 441 in 13cv1835), and agrees that Defendants have not had sufficient time to review and evaluate TQ Delta's proposal.  ZyXEL further notes that TQ Delta's proposal—read at face value—ostensibly requires all Defendants to join a collective prior art election "14 days after Plaintiff serves final infringement contentions for a Patent Family" on any Defendant, meaning that ZyXEL could have to elect prior art references for Family 1 patents on February 9, 2018—14 days after the TQ Delta serves its Final Infringement Contentions for this family against 2Wire under TQ Delta's proposal.  Thus, TQ Delta's proposal would have ZyXEL elect prior art for trial for Family 1 patents ***more than three months before ZyXEL receives Final Infringement Contentions for Family 1 patents***.  If this is not what TQ Delta intended by this proposal then presumably a meaningful meet-and-confer on this issue would have resolved this issue, but TQ Delta elected to forgo this path when it proposed this language less than two hours before the filing deadline.

**Order of trials - ¶¶ 12, 13, 15, 19**:  ZyXEL joins 2Wire's letter and submits that TQ Delta's proposal to re-order the Family 2 and 3 trials ahead of the Family 1A and 1B should be rejected.

      Respectfully submitted,

      */s/ Kenneth L. Dorsney*

      Kenneth L. Dorsney (I.D. #3726)

cc: All counsel of record (via CM/ECF and electronic mail)