# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TQ DELTA, LLC, <br><br> Plaintiff, <br> v. <br><br> 2WIRE, INC., <br> Defendant. | C.A. No. 13-cv-1835-RGA |
| TQ DELTA, LLC, <br><br> Plaintiff, <br> v. <br><br> ZYXEL COMMUNICATIONS, INC. and ZYXEL COMMUNICATIONS CORPORATION, <br><br> Defendants. | C.A. No. 13-cv-2013-RGA |
| TQ DELTA, LLC, <br><br> Plaintiff, <br> v. <br><br> ADTRAN, INC., <br> Defendant. | C.A. No. 14-cv-954-RGA |
| ADTRAN, INC., <br><br> Plaintiff, <br> v. <br><br> TQ DELTA, LLC, <br> Defendant. | C.A. No. 15-cv-121-RGA |

## [PROPOSED] FINAL SCHEDULING ORDER

This **10** day of April, 2018;

IT IS ORDERED that:

1. Discovery Coordination.

    a. The parties propose to coordinate discovery in the above-captioned cases where practicable. Although proposing to coordinate discovery in these four cases where practicable, the defendants expressly reserve, and do not waive, the right to separate trials on any and all issues to be resolved at trial.

    b. Any submissions to the Court shall be filed in the specific case(s) to which they are believed in good faith to pertain.

    c. For purposes of counting discovery requests and deposition hours, the related defendants named in each case count as a single defendant.

    d. Except as modified herein, or by subsequent Court order, the Default Standard shall apply to each of the above-captioned cases.

2. Discovery.

    a. Discovery Cut Off. All fact discovery in this case shall be completed on or before October 1, 2018.

    b. Document Production. Document production shall be substantially completed 60 days prior to the discovery cutoff above.

    c. Requests for Admission. A maximum of 40 requests for admission are permitted for plaintiff as to each defendant. The defendants may collectively serve 30 joint requests for admission on plaintiff and each defendant may individually serve 20 requests for admission on plaintiff. Notwithstanding the foregoing, there is no limitation on the number of requests for admission that a document is authentic and/or a business record.

    d.  <u>Interrogatories</u>. A maximum of 25 interrogatories, including contention interrogatories, are permitted for plaintiff as to each defendant. The defendants may collectively serve 15 joint interrogatories on plaintiff. Each defendant may individually serve 20 additional defendant-specific interrogatories on plaintiff.

    e.  <u>Depositions</u>.

      i.  <u>Limitation on Hours for Deposition Discovery</u>. Plaintiff may take up to 75 hours of fact deposition of each defendant (i.e., no more than 75 hours of deposition time collectively for the defendant in each case and its past or current officers, employees, and agents) and up to 100 hours of third party depositions. Defendants may collectively take up to 100 hours of fact deposition of plaintiff and up to 100 hours of third party depositions excluding named inventors on each asserted patent each of whom may be deposed without regard for the party and third party time limits. Defendants may collectively depose an inventor for up to 10 hours per patent family for which the witness is a named inventor, but no single defendant shall be permitted more than 7 hours of deposition time per inventor for each patent family.[1] Plaintiff may take a second deposition of an individual witness where the first deposition took place prior to the opening of general discovery; however, the total deposition time for the two depositions shall be limited to no more than 8 hours, subject to extension for good cause. For any depositions taken in a language other than English, each deposition hour will be counted as only one-half hour for purposes of any deposition hour limit. The foregoing limitations do not apply to the deposition of experts pursuant to Fed. R. Civ. P. 26(b)(4)(A). These time limitations may be amended by agreement of the parties or further order of the Court.

---

[1] Plaintiff maintains its previously-stated objections to the total number of hours that the Defendants may depose an inventor who is named on multiple patent families. Plaintiff proposes that the total number of hours that the Defendants may collectively depose an inventor is the lesser of 10 hours per patent family or 25 total hours.

3

          ii.      <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision. The parties agree that in these cases the depositions of party witnesses shall occur in the situs where the witness' business office is located[2] or at a mutually agreeable location.

          iii.      <u>Expert Depositions.</u> The parties agree to meet and confer with regard to time limitations for expert depositions by no later than 14 days after the conclusion of fact discovery.

      f.      The parties are not required to prepare privilege logs or otherwise identify documents withheld from production to the extent that they: (i) relate to activities undertaken in compliance with the duty to preserve information under Fed. R. Civ. P. 26(b)(3)(A) and (B) or similar requirements; or (ii) are withheld from production on the basis of privilege, work product, and/or any other exemption or immunity from production and are generated after the filing of the initial complaint in the lawsuit. All other withheld documents must be logged in compliance with Fed. R. Civ. P. 26(b)(5)(A), absent agreement of the parties or further order of the Court.

      g.      <u>Discovery Matters and Disputes Relating to Protective Orders</u>. The Court has assigned the parties to a Special Master for purposes of resolving discovery matters. D.I.

---

[2] If in the United States.

273. The parties will follow the procedures set out in this Court's orders with respect to the Special Master. *See* D.I. 275.

If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

3. <u>Application to Court for Protective Order</u>. A protective order has been entered in these actions.

4. <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel shall deliver to the Clerk an original and one copy of the papers. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

5. <u>Courtesy Copies</u>. The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

6. <u>Claim Construction</u>. Claim construction briefing and hearings for Patent Families 1-5 and 7-10 have been completed. The claim construction hearing for Patent Family 6 will be set by the Court pursuant to separate order.

7. <u>Final Infringement Contentions</u>. Plaintiff shall serve final infringement contentions no later than June 30, 2018. Plaintiff may seek leave to supplement its final infringement contentions for good cause.

8. <u>Final Invalidity Contentions</u>. Defendant shall serve final invalidity contentions no later than August 15, 2018. Defendants may seek leave to supplement their final invalidity contentions for good cause. [Plaintiff's position: The parties shall meet and confer by July

5

13, 2018 to attempt to agree on reasonable limits on Defendants' invalidity contentions and, to the extent the parties cannot agree, shall bring any dispute over such limits to the Court's attention no later than July 20, 2018. Defendants' Position: To the extent that Plaintiff believes that the Defendants should be required to narrow the number of invalidity references at issue in this case following receipt of Defendants' invalidity contentions, it may raise the issue to the Court or the Special Master in accordance with the normal dispute resolution procedures governing this matter.]

9. Disclosure of Expert Testimony.

a. Expert Reports. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before (**see chart below**). The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before (**see chart below**). Reply expert reports from the party with the initial burden of proof are due on or before (**see chart below**). No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before (**see chart below**). Any supplementation of expert reports may only be made after leave is granted by the Court for good cause shown.

| Family | **Opening Expert Reports** (as to the parties designated for trial only) | **Rebuttal Expert Reports** (as to the parties designated for trial only) | **Reply Expert Reports** (as to the parties designated for trial only) | **Completion of Expert Depositions** (as to the parties designated for trial only) |
|---|---|---|---|---|
| [Plaintiff's proposal: 2;2Wire, keep as is, per Court order on | 10/12/2018 | 11/9/2018 | 11/30/2018 | 1/11/2019 |

6

|  |  |  |  |  |
|---|---|---|---|---|
| ~~2/20/2018 (D.I. 496): 1]~~ |  |  |  |  |
| ~~[Plaintiff's proposal: 3;2Wire: keep as is, per Court order on 2/20/2018 (D.I. 496): 2]~~ | 11/2/2018 | 11/29/2018 | 12/21/2018 | 2/1/2019 |
| ~~[Plaintiff's proposal: 5;2Wire: keep as is, per Court order on 2/20/2018 (D.I. 496): 3]~~ | 11/28/2018 | 12/28/2018 | 1/18/2019 | 2/8/2019 |
| 7 | 1/4/2019 | 2/1/2019 | 2/22/2019 | 3/15/2019 |
| 8 | 3/22/2019 | 4/19/2019 | 5/10/2019 | 5/31/2019 |
| 9 | 4/12/2019 | 5/9/2019 | 5/31/2019 | 6/21/2019 |
| 10 | 5/10/2019 | 6/7/2019 | 6/28/2019 | 7/19/2019 |
| 4 | 6/21/2019 | 7/19/2019 | 8/9/2019 | 8/23/2019 |
| ~~[Plaintiff's proposal: 1;2Wire: keep as is, per Court order on 2/20/2018 (D.I. 496): 5]~~ | 7/26/2019 | 8/23/2019 | 9/13/2019 | 9/27/2019 |
| 6 | 8/22/2019 | 9/20/2019 | 10/11/2019 | 10/25/2019 |

Handwritten annotations in left margin: "2", "3", "5" next to corresponding rows.

    b.    <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*,

7

509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

10.  Case Dispositive Motions. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before (**see chart below**). No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court.

| Family | Case Dispositive and *Daubert* Motions (as to the parties designated for trial only) |
|---|---|
| [Plaintiff's proposal: 2; 2Wire: keep as is, per Court order on 2/20/2018 (D.I. 496): 1] | 1/18/2019 |
| [Plaintiff's proposal: 3; 2Wire: keep as is, per Court order on 2/20/2018 (D.I. 496): 2] | 2/15/2019 |
| [Plaintiff's proposal: 5; 2Wire: keep as is, per Court order on 2/20/2018 (D.I. 496): 3] | 2/22/2019 |
| 7 | 3/29/2019 |
| 8 | 6/14/2019 |
| 9 | 7/12/2019 |
| 10 | 8/9/2019 |
| 4 | 9/6/2019 |
| [Plaintiff's proposal: 1; 2Wire: keep as is, per Court order on 2/20/2018 (D.I. 496): 5] | 10/11/2019 |
| 6 | 11/8/2019 |

8

11. <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

12. <u>Pretrial Conference</u>. On (**see chart below**), the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at (**see chart below**). The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on (**see chart below**). Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

| Family | Joint Submission of Proposed Final Pretrial Order, any motions in limine, voir dire, jury instructions, and special verdict forms (as to parties designated for trial only) | Pretrial Conference (as to parties designated for trial only) |
|---|---|---|
| [Plaintiff's proposal: 2; 2Wire: keep as is, per Court order on 2/20/2018 (D.I. 496): 1] | 3/22/2019 | 3/29/2019 at 8:30 a.m. |
| [Plaintiff's proposal: 3; 2Wire: keep as is, per Court order on 2/20/2018 (D.I. 496): 2] | 4/12/2019 | 4/19/2019 at 8:30 a.m. |
| [Plaintiff's proposal: 5; 2Wire: keep as is, per Court order on 2/20/2018 (D.I. 496): 3] | 5/3/2019 | 5/10/2019 at 8:30 a.m. |
| 7 | 6/7/2019 | 6/14/2019 at 8:30 a.m. |
| 8 | 8/23/2019 | 8/30/2019 at 8:30 a.m. |
| 9 | 9/20/2019 | 9/27/2019 at 8:30 a.m. |
| 10 | 10/17/2019 | 10/25/2019 at 8:30 a.m. |
| 4 | 11/15/2019 | 11/22/2019 at 8:30 a.m. |
| [Plaintiff's proposal: 1; | 12/20/2019 | 1/3/2020 at 8:30 a.m. |

9

| 2Wire: Keep as is, per Court order on 2/20/2018 (D.I. 496)[5] | | |
|---|---|---|
| 6 | 1/17/2020 | 1/24/2020 at 8:30 a.m. |

13. <u>Motions *in Limine*</u>. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three page submission (and, if the moving party, a single one page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

14. <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. Pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms on (**see chart below section 15**). The parties shall submit simultaneously with filing each of the foregoing four documents in Word or WordPerfect format to rga_civil@ded.uscourts.gov.

15. <u>Trial</u>. The first matter is scheduled for a 5 day jury trial beginning at 9:30 a.m. on (**see chart below**), with the subsequent trial days beginning at 9:30 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

10

| Family | Defendant Designated for Trial | Trial Date (as to parties designated for trial only) |
|---|---|---|
| 1 [Plaintiff's proposal: 2; 2Wire: keep as is, per Court order on 2/20/2018 (D.I. 496): 1] | 2Wire | 4/8/2019 |
| 2 [Plaintiff's proposal: 3; 2Wire: keep as is, per Court order on 2/20/2018 (D.I. 496): 2] | 2Wire | 4/29/2019 |
| 3 [Plaintiff's proposal: 5; 2Wire: keep as is, per Court order on 2/20/2018 (D.I. 496): 3] | 2Wire | 5/20/2019 |
| 7 | ZyXEL | 6/24/2019 |
| 8 | ZyXEL | 9/9/2019 |
| 9 | ADTRAN | 10/7/2019 |
| 10 | ADTRAN | 11/4/2019 |
| 4 | ADTRAN | 12/9/2019 |
| 5 [Plaintiff's proposal: 1; 2Wire: keep as is, per Court order on 2/20/2018 (D.I. 496): 5] | 2Wire | 1/13/2020 |
| 6 | ZyXEL | 2/3/2020 |

16. <u>ADR Process</u>. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

The Honorable Richard G. Andrews

11