IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | | |
|---|---|---|---|
| TQ DELTA LLC, | | : | |
| | Plaintiff, | : | |
| v. | | : | Civil Action No. 13-1835-RGA |
| PACE PLC, et al., | | : | |
| | Defendants. | : | |

| | | | |
|---|---|---|---|
| TQ DELTA LLC, | | : | |
| | Plaintiff, | : | |
| v. | | : | Civil Action No. 13-2013-RGA |
| ZYXEL COMMUNICATIONS INC., et al., | | : | |
| | Defendants. | : | |

| | | | |
|---|---|---|---|
| TQ DELTA LLC, | | : | |
| | Plaintiff, | : | |
| v. | | : | Civil Action No. 14-954-RGA |
| ADTRAN, INC., | | : | |
| | Defendant. | : | |

```
ADTRAN, INC.,                        :
                                     :
              Plaintiff,             :
                                     :
     v.                              :     Civil Action No. 15-121-RGA
                                     :
TQ DELTA, LLC,                       :
                                     :
              Defendant.             :
```

## ORDER

Plaintiff objected to a ruling made by the Special Master on the conduct of a deposition. (D.I. 562).[1] Defendants responded. (D.I. 565).

I do not see that either side states what standard of review I am supposed to be applying. The Special Master's ruling is, in my opinion, a ruling on a "procedural matter," and therefore reviewed for an abuse of discretion. Fed. R. Civ. P. 56(f)(5). The specific question at issue was for the witness to identify the members of Techquity, LP, and Lakewater U.S. Blocker I, LTD and Trust UA 11/5/74. (D.I. 562 at 6).

If I were to summarize what I have said before in this case, it is that Defendants can find out who controls and makes up Plaintiff, TQ Delta. I have also stated that Defendants cannot do discovery for the purpose of finding out the amount and nature of TQ Delta's financing. Thus, I think (as did the Special Master) that the question of who controls the privately-held entities that control TQ Delta is permitted within the scope of my prior rulings.

Plaintiff's objections seem to be based on the idea that Defendants' questions were really about litigation funding. But I do not see that.

I find no abuse of discretion by the Special Master. I **AFFIRM** his order.

---

[1] I cite only to the docket in No. 13-1835.

Defendants have asked to be heard after the deposition is finished on the question of shifting costs. I do not think that I have to reach that issue now. I may never have to resolve that. Perhaps the parties will resolve that issue without the need for more input from the Special Master (and possibly me).

IT IS SO ORDERED this 3 day of October 2018.

*/s/ Richard G. Andrews*
United States District Judge